## CIRCUIT COURT OF FAIRFAX COUNTY

Robinson

v.

Lisanick et al.

January 23, 1991

Case No. (Law) 95332

By JUDGE MICHAEL P. McWEENY

This matter came on to be heard upon Nationwide Mutual Insurance Company's Motion for Summary Judgment. Briefs have been filed on behalf of the plaintiff and Nationwide, and it is the Court's understanding that this matter is submitted for ruling upon the record as a whole.

The controlling facts are quite straightforward. On November 29, 1989, plaintiff's decedent was a passenger in a vehicle driven by Anne T. Fitchett-Rush. As the result of a collision with a vehicle driven by John J. Lisanick, both Elizabeth L. Robinson and Anne T. Fitchett-Rush were killed. The Estate of Elizabeth L. Robinson filed this suit against both Lisanick and the Estate of Fitchett-Rush alleging joint and several negligence. Lisanick was uninsured, while Aetna Life and Casualty Company insured Fitchett-Rush and Nationwide Mutual Insurance Company insured Robinson. Both insurance policies contained uninsured motorist coverage available to the Estate of Robinson. On November 30, 1990 the Estate of Robinson, joined by all beneficiaries, moved the Court for approval of a "partial settlement" with Aetna. The Order presented by the plaintiff and entered by the Court contained the following language:

> [T]he Court approves the compromise settlement with Aetna Life and Casualty Company and the Estate of Anne T. Fitchett-Rush in the sum of $249,950.00 and orders and adjudges that the Aetna Life and Casualty Company pay the plaintiff said amount upon payment of which Aetna Life and Casualty Company shall be relieved of any further liability . . . .

This Order was entered without the consent (written or otherwise) and over the objection of Nationwide.

The issue in the Motion for Summary Judgment is the applicability and effect of the exclusionary clause in the Nationwide policy. The exclusionary clause contained in the Uninsured Motorist Endorsement reads as follows:

> This insurance does not apply: (a) to bodily injury or property damage with respect to which the Insured or his legal representative shall, without written consent of the Company, make any settlement with any person or organization who may be legally liable therefor . . . .

The Virginia Supreme Court has upheld the validity of this clause in the case of *Virginia Farm Bureau v. Gibson*, 236 Va. 433 (1988).

> The consent-to-settlement clause protects the insurer's power to preserve potential sources of recovery. Thus, the clause prevents an uninsured carrier from paying a claim when another source of funds is available.

*Id*. at 438.

Clearly, the purpose of the clause is to preserve the subrogation rights of the carrier. It will only be applicable where a settlement or release would affect those rights as to persons or organizations who may be potentially liable for the bodily injuries. Here, the plaintiff has settled claims as to Aetna and the Estate of Fitchett-Rush. Each settlement raises separate issues.

The Court will first examine the settlement of the claim against the Estate of Fitchett-Rush. The Estate

of Fitchett-Rush was sued by the plaintiff and potentially could have been legally liable for bodily injury. While the liability of Aetna was contractual and confined to the policy's limits, the liability of the Estate of Fitchett-Rush is in tort and not so limited. *See, United Services v. Nationwide Mutual*, 218 Va. 861, 866 (1978).

The plaintiff argues that there could be no liability as to the Estate of Fitchett-Rush and that Lisanick is solely liable. There has been, however, no legal determination to support this conclusion. The clear language of the exclusionary clause refers to "any person . . . who *may* be legally liable therefor." (Emphasis added.) Although there has been no determination of the potential liability of the Estate of Fitchett-Rush, such a determination is possible. Hence, it is a potential source of funds, and the plaintiff's settlement with the Estate of Fitchett-Rush did prejudice Nationwide's potential subrogation rights. Even if all insurance proceeds had been expended, there would remain the *res* of the Estate to be applied toward any future judgment.

The Court finds that the settlement Order of November 30, 1990, invokes the exclusionary clause. That ruling considered, no further analysis of the remaining arguments are necessary. Summary judgment is granted in favor of Nationwide.