# CIRCUIT COURT OF THE CITY OF NORFOLK

Allstate Ins. Co.

v.

Stanley Harold

June 21, 1999

Case No. (Law) L98-2029

BY JUDGE JOSEPH A. LEAFE

On January 25, 1999, Allstate Insurance Company, Plaintiff in this declaratory judgment action, filed a motion for summary judgment with supporting briefs. A brief in opposition was submitted by the Defendant, Stanley Harold, on May 27, 1999. Additionally, a letter dated June 1, 1999, was submitted by counsel for Mr. Harold.

Under Rule 3:18, "Summary judgment shall not be entered if any material fact is genuinely in dispute." Therefore, the analysis of whether to grant the motion turns on whether or not there is any material "fact" genuinely in dispute.

In the June 1, 1999, letter, defense counsel indicated what type of evidence it would like to introduce at a hearing. Such evidence would include "correspondence, endorsed orders, and testimony from Samuel Glasscock regarding his continued discussions about settlement subsequent to the settlement with the defendant, Earle." Additionally, the Defendant would like to offer transcripts from the 1998 trial and the motion to set aside the jury verdict.

Defendant's brief has provided an indication to this Court of what this evidence would suggest. This Court is of the opinion, however, that (1) Allstate would not dispute those proffered facts and (2) those facts, even if

presented, would not alter the legal conclusions. Therefore, this Court is prepared to rule on Plaintiff's motion for summary judgment.

"A court in considering a motion for summary judgment must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are strained, forced, or contrary to reason." *Carson ex rel. Meredith v. LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993) (citation omitted). In this case, since the Plaintiffs are the moving party, the inferences most favorable to Defendant Harold will be adopted by this Court. As emphasized earlier, however, the facts do not appear to be in dispute.

On March 13, 1995, an automobile accident occurred in Norfolk on Interstate 64. The first vehicle, driven by Ronald Earle II stopped. The second vehicle, driven by Brenda Harvey, stopped behind the Earle vehicle. The third vehicle, driven by Thomas Thornton, failed to stop and collided with the Harvey vehicle. Earle was insured by State Farm Insurance Company. The Harvey vehicle was insured by Allstate, the Plaintiff in this action. Thornton was insured by GEICO but only had $25,000 insurance per person and $50,000 per accident.

The present Defendant, Mr. Harold, filed suit against both Earle and Thornton in the Norfolk Circuit Court. On or about March 2, 1998, counsel for Harold and counsel for Earle reached a settlement for $10,000. Allstate's counsel was made aware of the settlement and "made no objection to that settlement, nor did he assert that Harold needed the consent of Allstate for settlement with Earle." (Def.'s Br. p. 3.) After the covenant was signed, a dismissal order as to defendant Earle was circulated and signed by counsel for Allstate.

After a two-day trial on March 5 and 6, 1998, the jury returned a verdict for $250,000 against Thornton. Counsel for Allstate did not participate at the trial but did participate at the motion to set aside. The motion was denied and on April 1, 1998, the judgment for $250,000 was entered.

It is undisputed by the parties that the Allstate policy covers Harold as an "insured." It is further undisputed that the following language appears in that insurance contract:

The insurance does not apply:
(a) to bodily injury or property damage with respect to which the insured or his legal representative shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor.

(Def.'s Br. p. 4; Pl.'s Br. p. 2 [unnumbered].) It also appears undisputed that there was no written consent given by Allstate. (Defendant does argue that the endorsement of the dismissal order by Allstate is an element of the conduct which constitutes waiver.)

In moving for summary judgment, the Plaintiff argues, "Harold's settlement with Earle, II, without the written permission of Allstate, activated that exclusion of Harvey's policy and resulted in a denial of coverage." (Pl.'s Br. p. 3 [unnumbered].)

The Defendant makes four separate arguments.

First, Defendant argues that the "consent-to-settle" clause does not apply to a settlement with an insured joint tortfeasor with liability limits equal to the limits of the Allstate underinsured coverage. Defendant seeks to distinguish the case of *Virginia Farm Bureau Mut. Ins. v. Gibson*, 236 Va. 433, 374 S.E.2d 58 (1988). There, the victim sued two tortfeasors, one of which was an unknown John Doe. Without uninsured motorist carrier Farm Bureau's consent, the victim settled with the known tortfeasor for $35,000 (on the tortfeasor's $50,000 policy) and recovered a $70,000 jury verdict. Farm Bureau refused to pay, citing the consent-to-settle clause. In the ensuing action to recover the payment, Judge Tremblay ruled that the contract provision was void and directed the insurer to pay.

The Supreme Court unanimously reversed the trial court. The Supreme Court made clear that this provision was designed to protect the insurance company's statutory right to subrogation. *See* Va. Code Ann., § 38.2-2206(G) (Michie 1994 Supp. 1998). The Court then adopted Farm Bureau's concern that such settlements, in joint tortfeasor situations, force the uninsured motorist carrier to cover a liability it would not necessarily have had to cover had it been able to pursue the settling tortfeasor. In the Supreme Court's words:

> By its very nature, uninsured motorist coverage is not intended to be the ultimate source of payment where any tortfeasor liable in part for the injury to the insured has adequate resources to pay the judgment. The consent-to-settlement clause protects the insurer's power to preserve potential sources of recovery. Thus, the clause prevents an uninsured motorist carrier from paying a claim when another source of funds should pay.

*Id.* at 438. To apply this concern to the facts before the Court, by settling with Earle, Harold closed the door on any possibility that Earle's carrier would have been required to pay more toward an eventual judgment. Clearly Earle

and Harold believed that Earle had some potential liability, or else there would have been no settlement. Harold cannot unilaterally defeat Allstate's right to pursue other potential sources of funds for payment to the victim.

The Defendant highlights the fact "Allstate retains its right of subrogation with respect to Thornton ... ." While this observation is correct, it does not change the fact that Thornton's carrier only provided $25,000/$50,000 coverage, far short of the $250,000, and Earle's carrier has been eliminated as a possible source of funds. Defendant argues, "[Allstate] would only be liable in the present case if the jury returned a verdict against Thornton." (Def.'s Br. p. 1 [sic for 17].)

Defendant misses the point of the Supreme Court's concerns in *Gibson*: "Gibson foreclosed a legal determination of liability as between Buckingham and John Doe." Likewise, here Harold unilaterally foreclosed a jury determination of liability as between Earle and Thornton.

Finally, this court would note that at least two other circuit courts have made similar rulings in upholding these clauses and their applicability. *See Robinson v. Lisanick*, 23 Va. Cir. 79 (Fairfax County 1991); *Allstate Ins. Co. v. Kinard*, 45 Va. Cir. 273 (Richmond City 1998). This Court will likewise uphold the validity and applicability of the consent-to-settle clause on the present facts.

Second, the Defendant contends that Allstate has waived its potential reliance on the "consent-to-settle" clause by either encouraging the settlement talks or by not notifying the insured that it would rely on the clause. Defense counsel cites to cases with such holdings from other jurisdictions including Louisiana, Oklahoma, Indiana, Tennessee, and Ohio. This Court is unpersuaded, however, that the Supreme Court of Virginia would find waiver under these circumstances.

The Defendant calls this Court's attention to *Lumberman's Mut. Cas. Co. v. Hodge*, 205 Va. 36, 135 S.E.2d 187 (1964), for the proposition that an insurance company may waive its contractual rights. *Hodge* is distinguishable, however, because (1) the provision relied on there was a notice provision, not a "consent-to-settle" provision; (2) the action was an action against the insurance company, and the company failed to properly raise that defense.

This Court concludes as a matter of law that Allstate did not waive its right to rely on the "consent-to-settle" provision.

The third argument which Defendant Harold proposes is that Allstate is estopped from relying on the "consent-to-settle" provisions. Defendant lays out the elements of estoppel in his brief, citing *Coleman v. Nationwide Life Ins. Co.*, 211 Va. 579, 179 S.E.2d 466 (1971). This Court concludes, however, that at least the first element, false representation or concealment, is

not present. Defendant says this claim is "based on Allstate's concealment of the contractual provision against settlement without its consent ... ." This bare statement ignores the fact that Defendant necessarily analyzed the policy held by Harvey to determine the fact and extent of coverage available to Mr. Harold. This Court finds no merit to the suggestion that Allstate concealed the consent to settle provision. The lack of concealment or false representations negates any reliances on estoppel.

The final argument put forth by the Defendant is that, even if the clause applies, it does not apply to settlement involving a passenger in the insured vehicle. In other words, since Harold "was not a party to his sister's policy with Allstate, [he] cannot be bound by its exclusionary language." (Def.' Br. p. 2 [sic for 21].) Defendant further argues, "While he is a beneficiary of the contract between his sister [Harvey] and Allstate, that status arises only under the statute." *Id.* While the statute may make Mr. Harold a beneficiary of the available uninsured motorist provisions of the owner's policy, it does not alter the policy provisions. Harold is subject to all the provisions of this insurance contract between two private parties, both benefits and exclusions.

This Court concludes that the "consent-to-settle" clause from Allstate's policy is directly applicable to the factual situation before the Court. Under *Gibson*, insurance carriers in the Commonwealth are permitted to protect their subrogation rights by using such clauses. Should the insured choose to disregard such a provision, he does so at his own peril. The insured may not unilaterally foreclose the insurer's potential recovery of funds from another insured.

Under the facts of this case, Plaintiff Allstate has not waived its right to stand on the "consent-to-settle" clause. Further, because there was no concealment or misrepresentation, Allstate is not estopped from relying on the clause. Finally, the argument that Harold can benefit from the contract but not suffer detriment from that same contract is unpersuasive.

This Court will therefore grant Plaintiff's motion for summary judgment.