Commerce Union Bank, Plaintiff-Appellee, v. Midland National Insurance Company, and Robert Lewis Angel, Defendants-Appellants.

Gen. No. 63–M–2.

Fourth District.

October 15, 1963.

J. E. Horsley and William E. Larrabee of Craig & Craig, of Mattoon, for appellants.

Fred McCollum & James B. Moses of Smith, McCollum & Riggle, of Flora, for appellee.

## CULBERTSON, P. J.

The present action was instituted by Commerce Union Bank, as plaintiff, as against Midland National Insurance Company, and Robert Lewis Angel, as insurers of a certain Mack Tractor unit, for damage occasioned by fire. The Bank was the assignee of a conditional sales contract by the conditional buyer. Defenses asserted in this cause were (first) that arson by the named insured constituted a bar to recovery by the Bank, either by the terms of the policies or the loss payable clause; and (secondly) that neither the Bank nor the named insured complied with the policy conditions requiring that proof of loss be furnished to the insurers.

█ On the question of proof of loss the loss payable clause contains the usual recital to the effect that if the insured fails to render proof of loss, within the time granted, the lienholder should do so within sixty days thereafter in the form and manner as provided by the policy. The record shows that the fire loss was reported immediately, and attempts were made to have this loss adjusted. There was a request by the insured for proof of loss forms within two weeks of the loss, and not until after the time had expired for filing proofs of loss, and in fact, not until the lawsuit was actually filed, was there a denial of payment on the basis of failure to file proof of loss. We feel that it is abundantly clear that the filing of the formal proof of loss was waived by defendants by a course of conduct which was inconsistent with the intention of full and strict compliance with the conditions of the policy (Stoltz v. Nat. Indemnity Co. of Omaha, Neb., 345 Ill App 495, 502, 104 NE2d 320; Fray v. Nat. Fire Ins. Co. of Hartford, 341 Ill 431, 173 NE 479; Carbone v. Pennsylvania Fire Ins. Co., 222 Ill App 560, 568).

■ A more serious question is raised with respect to the defense of arson. The trial was had by the Court below without a jury, and during the trial defendants asserted the affirmative defense of arson, and presented evidence which the Court allowed, relating to such affirmative defense of arson, although the Court indicated it was withholding its ruling on the motion of plaintiff to strike the evidence. At the conclusion of the trial and after the briefs had been presented, the Trial Court ruled that under the terms of the loss payable clause, arson on part of the owner of the vehicle would not be a defense to this action.

The language of the policy in part, provides that loss or damage would not be invalidated by any "act or neglect of the lessee, mortgagor, or owner . . . provided, however, that conversion, embezzlement, or secretion by the lessee, mortgagor, or purchaser in possession of the property insured . . . is not covered under such policy . . ." It is forcibly argued on appeal that this long form loss payable clause is effective in providing a protection to a lien holder where the insured property is intentionally burned by the named insured (Smith v. Germania Fire Ins. Co., an Oregon case, 202 P 1088, 19 ALR 1444). It is asserted that the policy before us contains language of doubtful construction and is ambiguous in that it protects the lien holder against any act or neglect of the owner but not against conversion, etc. The appellants contend that a deliberate destruction did, in fact, amount to a conversion. It is difficult to conclude that either a complete consumption of an article if it is consumable, or its intentional destruction, would be covered by a policy which excluded liability for "conversion," (Donn v. Auto Dealers Inv. Co., 318 Ill App 95, 109–10, 47 NE2d 568). We therefore feel that the Trial Court erred in not considering the evidence relating to arson.

We have examined the record before us on this issue and on the basis of the record believe that whether or not there was a showing of arson by the particular individual made on the record, or whether or not the vehicle was burned rather than destroyed as the result of an electrical storm, or whether or not it might very well have been destroyed by persons other than the owner, should be considered and evaluated by the Court.

Since, on the record, we cannot approve the exclusion of the arson evidence, we must, therefore, reverse and remand this cause to the Circuit Court of Clay County for the limited purpose of having the Court weigh the evidence with respect to arson and render its determination as to the effect of such evidence with respect to the liability of defendants. This cause will therefore be reversed and remanded for the limited purposes specified.

Reversed and remanded, with directions.

SCHEINEMAN and HOFFMAN, JJ., concur.