**CREDIT ALLIANCE CORPORATION, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.**

**No. 77 Civ. 1458(MP).**

United States District Court, S. D. New York.

July 8, 1977.

Sol D. Bromberg, New York City, for plaintiff.

Larkin, Wrenn & Cumisky, New York City, for defendant.

MEMORANDUM

POLLACK, District Judge.

Defendant's motion pursuant to 28 U.S.C. § 1404(a) for an order changing the place of trial of this action to the U.S. District Court for the Western District of Virginia, Abing-

don Division, is granted for the reasons appearing hereafter.

Jurisdiction herein is grounded on diversity of citizenship. Plaintiff is a Delaware corporation having its principal place of business in New York. Defendant is an Ohio corporation having its principal place of business in Ohio.

Plaintiff sues to recover as loss payee on a policy of insurance issued by the defendant in Virginia. Plaintiff had financed the purchase of a Terex wheel loader by a Va. construction and mining equipment corporation. The Va. corporation granted plaintiff a purchase money chattel mortgage which required the Va. corporation to obtain insurance against fire damage to the loader. Such insurance was obtained from defendant and plaintiff was named as a lien-holder loss payee.[1] The loader was subsequently destroyed by fire while on a lot in Virginia.

The parties are in agreement that the instant insurance policy, issued in Virginia to a Virginia corporation to cover property located in Virginia, is governed by Virginia law. In correspondence to this Court and in a pretrial conference defendant has asserted that under Virginia law plaintiff is not entitled to recover if the loader was destroyed because of arson on the part of the Va. corporation. Plaintiff disputes this legal contention but has not agreed to stipulate that the fire which damaged the loader was caused by arson.

The Virginia courts have not resolved whether a mortgagor's arson is a valid defense against a lien-holder loss payee in a suit on an insurance policy, and other jurisdictions are split. Compare *Wagner v. Peters,* 142 Va. 412, 128 S.E. 445 (1925) and 11 *Couch on Insurance 2d* § 42.703 (1963) with *Commerce Union Bank v. Midland National Insurance Co.,* 43 Ill.App.2d 332, 193 N.E.2d 230 (1963).

"[I]t has long been recognized that: 'There is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems . . . in law foreign to itself,'" particularly where the foreign state's law is unclear. *Van Dusen v. Barrack,* 376 U.S. 612, 645, 84 S.Ct. 805, 823, 11 L.Ed.2d 945 (1964), quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). See also *Allied International Products Ltd. v. Textron Industries, Inc.,* 382 F.Supp. 210, 213 (S.D.N.Y.1974); *Vaughn v. ABA,* 419 F.Supp. 1274, 1278 (S.D.N.Y.1976).

Moreover, courts are reluctant to decide substantial novel and disputed questions of law in the abstract. It may well be that the development of the factual record may obviate the need to theorize about the applicable principles in the law of Virginia by establishing that in fact there was no arson. The alleged fire occurred in Virginia and the convenience of the parties and witnesses and the interests of justice will be better served by transfer of this action there.

The operative facts of this case have no material connection with this district. Consequently, plaintiff's choice of forum is entitled to less weight than is ordinarily the case. See, e. g., *Ryer v. Harrisburg Kohl Brothers, Inc.,* 307 F.Supp. 276, 279 (S.D.N.Y.1969). Plaintiff will not be inconvenienced by a change of venue—that its principal place of business is in New York is not determinative. 15 Wright, Miller & Cooper, *Federal Practice & Procedure* § 3849 (1976).

Defendant has sustained its burden of demonstrating that the balance of convenience is in favor of Virginia as the appropriate forum for litigation of this suit. It is undisputed that this action might have been brought in the W.D.Va., Abingdon Division.

Accordingly, defendant's motion for a change of venue to the W.D.Va., Abingdon Div., is granted and the Clerk is directed to forthwith remit the papers herein to that Court.

So ordered.

---

1. Plaintiff is listed on the insurance policy endorsement as being located in Atlanta, Georgia.