Present:  Carrico, C.J., Compton, Stephenson, Lacy, Hassell and Keenan, JJ., and Whiting, Senior Justice

GIRARD ENOCH OSBORNE
                              OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.   Record No. 951117                    January 12, 1996

NATIONAL UNION FIRE INSURANCE
COMPANY, ETC., ET AL.

          UPON A QUESTION OF LAW CERTIFIED BY THE UNITED STATES
                COURT OF APPEALS FOR THE FOURTH CIRCUIT

     Acting pursuant to the provisions of our Rule 5:42, the United States Court of Appeals for the Fourth Circuit certified to this Court in June 1995 a question of Virginia law, which we accepted by order entered in July 1995.  The question deals with a motor vehicle insurance coverage issue arising from an exclusion contained in an uninsured motorist endorsement to an insurance policy.

     The following facts are set forth in the Fourth Circuit's order of certification.  In August 1988 in Henry County, Girard Enoch Osborne, pursuant to his employment, was operating a truck owned by his employer, MW Manufacturers, Incorporated, a party to the federal litigation.  Osborne was injured when the truck was forced from the road and into a tree as the result of the negligent operation of another vehicle by an unknown, and hence uninsured, motorist.

     National Union Fire Insurance Company of Pittsburgh, Pennsylvania, the main party in the federal action, had issued to Osborne's employer a policy of motor vehicle liability insurance containing uninsured motorist (UM) coverage.  This policy had been purchased by the employer's parent company, Hanson

Industries, also a party to the federal suit.  The uninsured motorist coverage of that policy was limited to $25,000.

State Farm Fire and Casualty Company issued a similar policy with like coverage to Osborne personally.  That policy contained a $100,000 limit for uninsured motorist coverage.  Osborne was covered by both policies, with National Union being the primary insurer for the accident in question and State Farm being the secondary insurer.

In December 1991, Osborne obtained a judgment against the unknown motorist as "John Doe" in the Circuit Court of Henry County for $299,750.  According to applicable law, Code § 38.2-2206(E), both insurers had responded for "John Doe."

Subsequently, Osborne sought payment under the uninsured motorist provisions of both policies.  He settled with State Farm for $65,000 without National Union's consent.  Thereafter, National Union refused to pay Osborne any sum.  The insurer relied on an exclusion contained in its uninsured motorist endorsement as follows:  "This insurance does not apply to . . . [a]ny claim settled without our consent."

Next, Osborne filed the present action in the Circuit Court of Henry County seeking recovery under National Union's policy. The defendants removed the proceeding to the United States District Court for the Western District of Virginia.

The district court granted the insurer's motion for summary judgment, deciding that the foregoing policy exclusion permitted

denial of coverage because Osborne had settled the claim with State Farm without National Union's consent.  There was no proof that National Union was prejudiced by Osborne's settlement.

Osborne appealed to the Fourth Circuit, contending that the consent-to-settlement clause cannot, consistent with Virginia law, bar recovery when no prejudice to the insurer has been shown.

The question certified to this Court is:  "Whether National Union may deny UM coverage to Osborne on the grounds that Osborne settled with State Farm without National Union's consent, when National Union's UM contract contained a consent-to-settlement clause but National Union was not prejudiced by the settlement."  We answer that question in the affirmative.

When the terms of an insurance policy are clear and unambiguous, we give the words their ordinary meaning and enforce the policy as written.  Atlas Underwriters, Ltd. v. Meredith-Burda, Inc., 231 Va. 255, 259, 343 S.E.2d 65, 68 (1986).  In the present case, the language of the consent-to-settlement provision meets the test of clarity; plainly, the insurance does not apply to any claim settled without National Union's consent.

Osborne implicitly contends that the exclusion should not apply unless the insurer demonstrates that its subrogation rights actually were harmed.  Such a contention runs afoul of consistent interpretations that we have made of similar policy provisions -- provisions, like the present exclusion, that are conditions of

coverage rather than restrictions on coverage in violation of statute.

For example, when an insured fails to comply with a policy provision requiring timely notice of an accident, we have said that "the insurance company need not show that it was prejudiced by such a violation." State Farm Fire and Casualty Co. v. Walton, 244 Va. 498, 504, 423 S.E.2d 188, 192 (1992). Accord State Farm Fire and Casualty Co. v. Scott, 236 Va. 116, 120, 372 S.E.2d 383, 385 (1988); Lord v. State Farm Mut. Auto. Ins. Co., 224 Va. 283, 284, 295 S.E.2d 796, 797 (1982).

Moreover, there was no requirement prior to 1966 that an insurer demonstrate prejudice to successfully deny coverage on account of breach of a cooperation clause. See State Farm Mut. Auto. Ins. Co. v. Davies, 226 Va. 310, 314-15, 310 S.E.2d 167, 169 (1983). But, by a statutory amendment, the 1966 General Assembly required prejudice to be established for the insurer to rely on such breach. See Code § 38.2-2204(C). Likewise, the General Assembly has required prejudice to be shown under certain circumstances for violation of policy provisions requiring prompt delivery of suit papers to the insurer. Id. See State Farm Mut. Auto. Ins. Co. v. Porter, 221 Va. 592, 598, 272 S.E.2d 196, 199 (1980). However, the General Assembly, obviously aware of the prejudice issue in connection with insurance policy conditions, has not taken such action with reference to consent-to-settlement clauses. And, we will not engage in judicial legislation on the

subject by requiring a showing of prejudice here.

In conclusion, we note Osborne contends that the exclusion in issue applies only to a settlement with the uninsured motorist and not to the settlement with his own insurer, State Farm. He also contends that the exclusion is invalid and void as against public policy because it conflicts with certain provisions of our uninsured motorist statute, Code § 38.2-2206. These contentions are beyond the scope of the certified question. Hence, we do not address them.

Accordingly, as we have said, the certified question is answered affirmatively.