# CIRCUIT COURT OF THE CITY OF RICHMOND

Allstate Insurance Co.

v.

Victoria L. Kinard
and Robert Jackson Russell, Jr.

March 31, 1998

Case No. HI-447-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is a declaratory judgment action filed by Allstate Insurance Company against Victoria C. Kinard and Robert Jackson Russell, Jr. The suit seeks a declaration of the parties' rights and responsibilities respecting issues of insurance coverage concerning an automobile accident involving Kinard and Russell which occurred on February 11, 1995.

The parties agree on the salient facts. In the underlying matter, Kinard brought an action against Russell seeking judgment for personal injuries on claims of negligence and intentional action in the accident. Kinard served Allstate and State Farm Insurance Company under the Virginia uninsured motorist statute, § 38.2-2206. Before the trial of the case, State Farm settled with Kinard for $35,000 of its $50,000 in uninsured coverage. Later, the court denied Allstate's request for an extension of time to file a Grounds of Defense and a continuance of the trial date and entered judgment by default against Allstate. Thereafter, the case proceeded to trial on the issue of damages before a jury, which returned a verdict of $50,000 in compensatory damages and $25,000 in punitive damages.

In this declaratory relief suit, Allstate asks that it be relieved of any asserted obligation to pay on the judgment rendered against Russell. The court agrees.

Allstate contends that it is not responsible for any payment above the $35,000 already paid in settlement by State Farm. Pursuant to Va. Code § 38.2-2206 and related case law, Allstate argues that all primary uninsured motorist coverage limits must be exhausted before the secondary excess uninsured motorist insured coverage is triggered and that by accepting less than State Farm's coverage limits, the plaintiff has waived the right to collect against Allstate's policy.

Part 4 of the Allstate policy, "Protection Against Uninsured Motorists," provides the following provisions:

*Exclusions*: This insurance does *not* apply:

(a) to bodily injury or property damage with respect to which the insured or his legal representative shall, *without written consent of the company*, make any settlement with any person or organization who may be *legally liable* therefor ... .

*Limits of Liability.* ...

(f) The Company shall *not* be obligated to make any payment because of bodily injury or property damage to which this insurance applies and which arises out of the ownership, maintenance or use of an uninsured motor vehicle until *after* the limits of liability under all bodily injury and property damage liability bonds or insurance policies respectively applicable at the time of the accident to damages because of bodily injury or because of property damages have been exhausted by payment of judgments or settlements.

(Emphasis added.)

The case of *Virginia Farm Bureau Mut. Ins. Co. v. Gibson*, 236 Va. 433 (1988), addresses whether the consent-to-settlement provision in the uninsured motorist portion of an automobile insurance policy conflicts with the uninsured motorist statute. The court found no conflict.

[U]ninsured motorist coverage is not intended to be the ultimate source of payment where any tortfeasor liable in part for the injury to the insured has adequate resources to pay the judgment. The consent-to-settlement clause protects the insurer's power to preserve potential sources of recovery. Thus, the clause prevents an uninsured motorist carrier from paying a claim when another source of funds should pay.

*Id.* at 438. An insured must comply with policy provisions in order to collect insurance proceeds in lieu of damages from a tortfeasor. *Id.* at 440-41. Under this logic, the plaintiff's failure to obtain Allstate's written consent prior to reaching a settlement with State Farm precludes her from obtaining any coverage under the Allstate policy for the judgment rendered by the jury.

In *Osborne v. National Union Fire Ins. Co.*, 251 Va. 53 (1996), the Supreme Court held that a primary insurer may deny uninsured motorist coverage to its insured when he settled with his personal (secondary) insurer without obtaining the primary insurer's consent. *Id.* at 56. "When the terms of an insurance policy are clear and unambiguous, [the Court will] give the words their ordinary meaning and enforce the policy as written." *Id.* (citation omitted). The terms of the disputed Allstate consent-to-settlement provision meet the test of clarity here. The Allstate policy coverage does not apply to any claim settled without its written permission.

In *State Farm Mut. Auto. Ins. Co. v. United Servs. Auto. Assoc.*, 211 Va. 133 (1970), the Court held that the limits of any primary policy must be exhausted before any excess policy may be recovered pursuant to an excess coverage clause. *Id.* at 138. In this case, section (f) of the "Limits of Liability" provision states that Allstate shall not be obligated to make any payment to an insured arising out of the maintenance or use of an underinsured motor vehicle until after the limits of liability under all applicable policies have been exhausted by the payment of judgments or settlements. State Farm's limits of liability have not been exhausted; the plaintiff has settled for a $35,000 share of the $50,000 policy limit. Generally speaking, Ms. Kinard could not recover under the Allstate policy until such limits have been met. Failure to satisfy the consent-to-settlement provision precludes recovery of any amount from Allstate.

In response to Allstate's contentions, Ms. Kinard argues that Allstate was required to give written notice to its insured pursuant to Va. Code § 38.2-2226 of its intention to rely on the policy provision as a defense. This code section does not apply to a first party insurance claim by an insured against its carrier. Counsel for Ms. Kinard subsequently conceded this point in a letter to the court dated March 11, 1998. *See also Maxey v. Doe*, 217 Va. 22 (1976) (§ 38.2-2226 does not apply to the provisions of the uninsured motorist statute or policy endorsement; waiver occurs only where the rights of a claimant who is a stranger to the insurance contract may be prejudiced).

Ms. Kinard also argues that she may recover from Allstate as the plaintiff has not settled with anyone who may be "legally liable" for the damages a jury awarded her. She cites dicta in *Gibson* for the proposition that State Farm

is not a tortfeasor and has no legal liability to Ms. Kinard in tort. Ms. Kinard contends that State Farm is bound to her by contract only and that the insurer does not stand in the shoes of Mr. Russell, the tortfeasor. *Gibson*, 236 Va. at 441. The court respectfully disagrees. The first party insurer is vicariously liable for injuries inflicted by uninsured motorists who cannot respond to damages. This liability is legally enforceable in a court of law. The settlement with State Farm *did* constitute an agreement with a party who is "legally liable" for damages awarded by the jury.

Finally, Ms. Kinard's argues that precluding a recovery in excess of the $50,000 State Farm coverage amount is a violation of the clear public policy goals of the Commonwealth. The clear and unambiguous policy language recited above, and endorsed by the Supreme Court in *State Farm* and *Osborne*, poses no threat to the integrity of the Commonwealth's public policy.

In conclusion, the court finds that Allstate is not liable for payment for the judgment in the underlying suit.