Present: Carrico, C.J., Hassell, Keenan, Koontz, Kinser, and Lemons, JJ., and Poff, Senior Justice

THE PARTNERSHIP UMBRELLA, INC., ET AL.

OPINION BY
v. Record No. 991876     JUSTICE LAWRENCE L. KOONTZ, JR.
June 9, 2000
FEDERAL INSURANCE COMPANY


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Thomas A. Fortkort, Judge Designate


This appeal concerns the disputed interpretation of the insuring clauses of an executive liability and indemnification policy. The insurance company instituted the litigation as a declaratory judgment action. The policy-owner counterclaimed for breach of contract. The parties stipulated that a determination by the trial court unfavorable to the policy-owner on two questions of law concerning the insuring clauses would result in an agreed dismissal of the policy-owner's counterclaim and entry of final judgment for the insurance company. Accordingly, under this unusual procedural posture, the trial court's judgment and consequently our review of that judgment, do not involve the merits of the policy-owner's claim or any defenses that the insurance company might assert at trial based upon exclusions of the policy, the relevant statutory scheme, or such other factors. Nonetheless, a full recitation of the facts developed in the trial court is necessary in order to place the legal issues under review in their proper context.

BACKGROUND

On October 9, 1990, Federal Insurance Company (Federal) issued an executive liability and indemnification policy (the policy) with a policy limit of $1 million to The Partnership Umbrella, Inc. (Partnership Umbrella), a Virginia corporation affiliated with United Way of America, Inc. (United Way). The policy provided two forms of coverage. As defined by the policy in "Insuring Clause 1," Federal was obligated under the "Executive Liability Coverage" to

> pay on behalf of each of the Insured Persons all Loss for which the Insured Person is not indemnified by the Insured Organization and which the Insured Person becomes legally obligated to pay on account of any claim first made against him, individually or otherwise . . . for a Wrongful Act committed, attempted, or allegedly committed or attempted, by the Insured Person(s) before or during the Policy Period.

As defined by the policy in "Insuring Clause 2," Federal was obligated under the "Executive Indemnification Coverage" to

> pay on behalf of the Insured Organization all Loss for which the Insured Organization grants indemnification to each Insured Person, as permitted or required by law, which the Insured Person has become legally obligated to pay on account of any claim first made against him, individually or otherwise . . . for a Wrongful Act committed, attempted, or allegedly committed or attempted, by such Insured Person(s) before or during the Policy Period.

Relevant to the issues in this appeal, Stephen J. Paulachak was a director and president of Partnership Umbrella in early 1992, when a federal grand jury began an investigation into

2

alleged malfeasance by William Aramony, president and chief executive officer of United Way. In addition to his role as president and director of Partnership Umbrella, in which positions he had been installed by Aramony, Paulachak also served as Aramony's "personal assistant" and acted as a "paid consultant" to United Way. Aramony was a director and chairman of the board of Partnership Umbrella.

On April 9, 1992, Paulachak advised Federal through its agent that "[t]here appear to be indications that United Way of America intends to take legal actions against me and/or Partnership Umbrella" and that "[t]here may also be a governmental investigation arising due to allegations made by United Way." On April 10, 1992, Paulachak's counsel requested a formal opinion from Federal's legal counsel on whether the insurance policy would provide coverage to Paulachak in the event that he was a target of a pending federal grand jury's investigation.

Federal requested that Paulachak provide it with a copy of a report of an independent investigation conducted on behalf of United Way. Although that report expressed concern about the close relationship between Aramony and Paulachak and the "lucrative consulting arrangements" between United Way and Paulachak authorized by Aramony, Federal concluded that there had not yet been a claim alleging a "Wrongful Act" as defined in

3

the policy, and declined to provide coverage for Paulachak at that time.[1]

On May 19, 1992, Paulachak was subpoenaed to appear before the federal grand jury. Federal was advised of this development, but again stated that it would not provide coverage for Paulachak in the absence of an allegation that he had committed a "Wrongful Act."

On July 14, 1992, Aramony and Hamp Coley, Partnership Umbrella's only other director, authorized the payment of "advances for expenses" pursuant to Code § 13.1-878 to cover Paulachak's legal expenses arising from the federal grand jury's investigation. This action was undertaken upon the advice of Partnership Umbrella's special counsel and with Aramony and Coley acting as a quorum of the board members eligible to decide such matters. See Code § 13.1-878(C)(providing that decisions to advance legal expenses "shall be made in the manner specified in § 13.1-880" for making indemnification decisions). It was agreed that if it were subsequently determined that the advances to Paulachak would violate the relevant Code provisions, the advances would constitute a loan to Paulachak repayable at 7% interest.

---

[1]It is undisputed that the policy provides only reimbursement and indemnification coverage. Federal had no duty to provide Paulachak with a defense.

4

Paulachak signed a "statement of good faith belief pursuant to Virginia Code Section 13.1-878" in which he stated that his conduct as an officer and director of Partnership Umbrella was both lawful and in the best interests of the organization. This document is dated July 14, 1992, but a notary's attestation form at the foot of the document was never completed.[2] As a result of the decision to advance expenses to Paulachak, Partnership Umbrella alleges that it paid attorney's fees on Paulachak's behalf for the period beginning in February 1992 until May 1994 exceeding $307,000 and that approximately $69,918 in fees incurred during that time are still owed.

On May 3, 1994, Paulachak received a letter from the United States Attorney for the Eastern District of Virginia indicating that Paulachak was a target of the grand jury's investigation. Paulachak advised Federal of this development and contended that the "target letter" was a "claim triggering coverage" under the policy. Federal responded that this letter did not constitute a

---

[2]Federal maintains that the required "Undertaking To Repay Advances" obligating Paulachak to repay the advances if he was not subsequently indemnified by Partnership Umbrella, which was also prepared at this time, was not signed until several years later and back-dated by Paulachak to reflect the July 14, 1992 decision date. As we have noted above, we are not here concerned with whether Federal can successfully defend against the claims made by Partnership Umbrella and Paulachak. Accordingly, we will express no opinion on this issue.

claim of a "Wrongful Act" under the policy and declined to provide coverage.

On September 13, 1994, Aramony, Paulachak, and another United Way employee were named in a multi-count indictment alleging that they were involved in a conspiracy to use Partnership Umbrella "for illegitimate objectives . . . including the spending of funds in the possession of [Partnership Umbrella] for the personal use, benefit and pleasure of the defendants and certain of their associates." Among the other crimes charged in the indictment were wire fraud and filing false tax returns.  Following Paulachak's indictment, Federal denied liability under Insuring Clause 1 of the policy on the ground that Paulachak's legal expenses were subject to a "dishonesty exclusion" in the policy.

On April 3, 1995, Paulachak was convicted on eight counts of the indictment including the conspiracy count, one count of wire fraud, and six counts related to the filing of false tax returns.[3]  On April 7, 1995, Federal advised Partnership Umbrella that no determination of liability under Insuring Clause 2 could

---

[3]Paulachak was sentenced to 30 months imprisonment for these crimes.  His conviction and sentence were subsequently upheld on appeal.  See Aramony v. United States, 88 F.3d 1369, 1392 (4th Cir. 1996).

6

be made until Partnership Umbrella decided whether it would indemnify Paulachak.

On April 18, 1995, Coley, acting as de facto chairman of the board of directors of Partnership Umbrella, convened a meeting of the board. Paulachak, who was still a director, attended the meeting with his personal attorney. Coley "approved" the appointment of Preston Garrison as a new board member. Coley and Garrison then approved Paulachak's request that "in the event of his involuntary termination due to legal proceedings, that he be granted continued compensation and benefits for a one year period." Based upon the representation of Paulachak's counsel that Federal would require a formal decision on indemnification, Coley and Garrison also approved a proposal to indemnify Paulachak, which Coley was to have reviewed by outside counsel. At the conclusion of the meeting, Coley was formally elected as chairman of the board of directors.

On May 25, 1995, Coley and Garrison approved a formal resolution of indemnification "for attorney's fees and expenses which [Paulachak] incurred from May 3, 1994, the date of the target letter, through the conclusion of any proceeding with respect to the indictment, including any appeal." The resolution states that the indemnification was based upon a determination that Paulachak "was not adjudged guilty on the

basis that any personal benefit was improperly received by him from [Partnership Umbrella]," but, rather, that "the monies and other benefits received by Mr. Paulachak which were the subject of the indictment were intended to be fringe benefits."

On March 18, 1996, following an extensive investigation by Federal into the circumstances surrounding the decision to indemnify Paulachak, Federal formally denied coverage under Insuring Clause 2. Federal maintained that the indemnification determination did not comport with the requirements for making such determinations under Virginia law and that in any case the determination was "unfounded and invalid." Federal further asserted that it was not liable under either of the insuring clauses for any of Paulachak's legal expenses, whether indemnified or not, because those expenses arose from a risk not insurable under Virginia law and were subject to exclusions within the policy.

Thereafter, on March 18, 1996, Federal filed a declaratory judgment action seeking a determination that it was not liable under the policy to Partnership Umbrella or Paulachak. Partnership Umbrella filed a counterclaim alleging breach of contract. Partnership Umbrella sought to recover both the monies it had advanced to Paulachak for legal expenses incurred prior to May 3, 1994 under Insuring Clause 1 and for legal expenses subject to the indemnification resolution under

8

Insuring Clause 2 up to the maximum limit of the policy.[4]

Partnership Umbrella further contended that if it could not

recover the monies paid as indemnification under Insuring Clause

2 because its indemnification decision was unlawful, it should

nonetheless be able to recover these monies under Insuring

Clause 1.

It is not disputed that Paulachak is an "insured person" as

defined by the policy.  Nor is it disputed that the policy was

in force at all times relevant to the claims made by Paulachak

and Partnership Umbrella for reimbursement and indemnification

under the insuring clauses of the policy.  Rather, as stipulated

by the parties, the disputed issue of law in the trial court was

whether, under the language of the policy, Federal would remain

liable under Insuring Clause 1 after Partnership Umbrella made a

decision to indemnify Paulachak if that decision were

subsequently determined to have been unlawful.  The parties

further disputed the standard of law to be applied in

determining whether the indemnification decision was lawful.

The parties agreed that if these issues were resolved "in a

manner unfavorable to Partnership Umbrella," it would withdraw

---

[4]There is some disagreement in the record over the amounts
of the legal expenses actually incurred by Paulachak and
advanced or indemnified by Partnership Umbrella; however, it is
not disputed that in total these expenses exceed Federal's
maximum possible liability under the policy.

its counterclaim.  Accordingly, on January 10, 1997, the two following questions of law were submitted to the trial court.

> 1. If [Partnership Umbrella] cannot recover under Insuring Clause 2 because of a determination that its indemnification of Paulachak was not "as permitted . . . by law," may [Partnership Umbrella] recover under Insuring Clause 1 either the amounts it has paid for Paulachak's defense, or the amounts Paulachak was "legally obligated to pay?"

> 2. Can Federal argue to the jury in this case, based on the substantive merits of [Partnership Umbrella's] decision to indemnify Paulachak, that the indemnification did not meet the statutory standards governing indemnification (including those attorney's fees for counts on which Paulachak was not convicted)?

The parties filed briefs addressing these two questions. With respect to the first question, Federal maintained that once a decision to indemnify an insured person is made by the insured organization, coverage under Insuring Clause 1 ceases with respect to all legal expenses incurred by an insured person, even if the decision to indemnify was unlawful.  Because Federal further maintained that the indemnification decision had been taken contrary to what was "permitted or required by law," it asserted it also had no liability under Insuring Clause 2. Partnership Umbrella contended that the coverage of Insuring Clause 1 applied to any loss sustained by an insured person that was not actually indemnified by the insured organization.  Thus, it further contended that if its indemnification was not lawful, there was no indemnification and it was entitled to coverage for

10

any funds disbursed by it as advances or under the indemnification resolution.

In a letter opinion dated March 24, 1997 and subsequently adopted by reference in the May 13, 1999 final order, the trial court concluded that Partnership Umbrella, as a party to the contract, could enforce Paulachak's rights under Insuring Clause 1 and, citing Atlantic Permanent Fed. Savings & Loan Ass'n v. American Casualty Company of Reading, Pennsylvania, 839 F.2d 212 (4th Cir. 1988), could also claim a right of equitable subrogation. Thus, under either theory, and even if Partnership Umbrella were barred from recovering under Insuring Clause 2, the trial court concluded that Partnership Umbrella might still recover under Insuring Clause 1. However, the trial court further determined that Partnership Umbrella's rights under Insuring Clause 1 were limited to any rights Paulachak would have had under that clause and, thus, "are limited to the amounts of money for attorney fees which are due and owing but not yet paid," and for which Paulachak had not been indemnified. Thus, the trial court ruled in its final order that Partnership Umbrella could not "recover under Insuring Clause 1 for any of the amounts it has paid on Paulachak's behalf." In effect, the trial court determined that any monies advanced to Paulachak constituted "indemnification" regardless of whether these payments were made under the July 14, 1992 decision to advance

11

legal expenses or under the May 25, 1995 indemnification resolution, which applied only to those expenses incurred following Paulachak's receipt of the target letter.

With respect to the second question presented to the trial court, Partnership Umbrella contended that the action of the individual directors to indemnify Paulachak was subject to the "business judgment rule" as codified in Code § 13.1-870 and, thus, was not subject to review by a trial court or a jury for compliance with requirements of Code § 13.1-876 which authorizes indemnification under certain circumstances. Federal contended that it should be entitled to argue that the decision of Partnership Umbrella to indemnify Paulachak did not comport with the provisions of Code § 13.1-876, even if the actions of the individual directors were not violative of that statute.

The trial court agreed with Federal. The trial court noted that the position taken by Partnership Umbrella would render meaningless the provisions of Code § 13.1-876(D), which prohibits indemnification in certain cases, if a decision in violation of that prohibition were not subject to judicial review. Accordingly, the trial court ruled that Federal could "argue to the jury in this case, based on the substantive merits of [Partnership Umbrella's] decision to indemnify Paulachak, that the statutory standards governing indemnification were not met."

Following receipt of the trial court's letter opinion, Partnership Umbrella, by motion, requested a clarification of that opinion.  In that motion, Partnership Umbrella inquired whether the trial court's opinion prohibited it from recovering the monies paid as advances for legal expenses incurred by Paulachak prior to his receiving the May 3, 1994 target letter. In its final order, the trial court denied the motion for clarification without comment.  Determining that its resolution of the two questions of law was "in a manner unfavorable to" Partnership Umbrella, the trial court dismissed Partnership Umbrella's counterclaim with prejudice and entered judgment for Federal.  We awarded Partnership Umbrella this appeal.

DISCUSSION

Partnership Umbrella contends that the trial court erred in ruling that Partnership Umbrella could not seek to recover under Insuring Clause 1 of the policy all of the legal expenses which it paid on behalf of Paulachak.[5]  We will first consider whether

_____

[5]Partnership Umbrella notes on brief that Federal failed to assign cross-error to the trial court's determination that Partnership Umbrella could seek to recover those amounts which had not been indemnified and which are still "due and owing." We agree that this portion of the trial court's ruling is not subject to review because it is not the subject of an assignment of cross-error.  Rule 5:18(b).  Similarly, although Federal asserts on brief that "the doctrine of subrogation does not support [Partnership Umbrella's] argument," it did not assign cross-error to the trial court's determination that Partnership Umbrella could enforce the policy on behalf of Paulachak and

13

Partnership Umbrella is entitled to seek repayment from Federal for the payments it made to Paulachak and his attorneys as advances pursuant to Code § 13.1-878 which were not subsequently confirmed under the indemnification resolution. We will then consider whether Partnership Umbrella can seek to recover from Federal those monies paid after May 3, 1994 and ultimately confirmed under the indemnification resolution if that resolution is determined to be unlawful. In this context, we are not concerned with the viability of a claim under Insuring Clause 2 of the policy.

In considering these issues, we apply the well established rule that when the language in an insurance policy is clear and unambiguous, courts do not employ rules of construction; rather, they give the language its plain and ordinary meaning and enforce the policy as written. Osborne v. National Union Fire Ins. Co., 251 Va. 53, 56, 465 S.E.2d 835, 837 (1996); see also Virginia Farm Bureau Mut. Ins. Co. v. Hodges, 238 Va. 692, 696,

---

recover directly those monies to which it was entitled under the equitable doctrine of subrogation. Accordingly, we will affirm the trial court's ruling with respect to these issues. In doing so, however, we express no opinion on the validity of the arguments directed to these issues by the parties in the trial court or on appeal. Rather, we simply recognize that Federal's failure to assign cross-error prevents relitigation of these issues on remand as they are now "the law of the case." Lockheed Info. Mgmt. Systems v. Maximus, Inc., 259 Va. 92, 108, 524 S.E.2d 420, 429 (2000).

14

385 S.E.2d 612, 614 (1989); United Services Auto. Assoc. v. Webb, 235 Va. 655, 657, 369 S.E.2d 196, 198 (1988); Atlas Underwriters, Ltd. v. Meredith-Burda, Inc., 231 Va. 255, 259, 343 S.E.2d 65, 68 (1986). We are of opinion that the language in Insuring Clause 1 of the policy is clear and unambiguous.

Under Insuring Clause 1, unless an exclusion in the policy is found to apply, Federal would be obligated "to pay on behalf of each of the Insured Persons all Loss for which the Insured Person is not indemnified by the Insured Organization." The July 14, 1992 action by Partnership Umbrella's board of directors only authorized the payment of advances pursuant to Code § 13.1-878 for Paulachak's legal expenses incurred to that date and in the future. It is self-evident that such advances were not made as indemnification, since the decision to indemnify requires a separate determination under Code § 13.1-880. Moreover, unlike indemnification, advances must be subject to a written undertaking by the director that they will be repaid if it is ultimately determined that the director did not meet the standard of conduct required under Code § 13.1-876 for an indemnification decision.

By contrast, the May 25, 1995 indemnification resolution was made pursuant to Code § 13.1-880. By its express terms, that resolution applied only to "attorney's fees and expenses which [Paulachak] incurred from May 3, 1994." Thus, while some

15

of the monies advanced to Paulachak or paid on his behalf to his attorneys after May 3, 1994 subsequently were approved as "indemnification," the payments for expenses incurred prior to May 3, 1994 were never so approved and indemnified and Paulachak remained "legally obligated to pay" those expenses.

Accordingly, Paulachak, as an "Insured Person" is entitled to seek recovery under Insuring Clause 1 for all of the expenses he incurred that were not subject to indemnification by Partnership Umbrella. Similarly, under the law of this case, see note 5, supra, Partnership Umbrella may seek to recover under that clause those funds which it paid on Paulachak's behalf as advances pursuant to Code § 13.1-878 and may seek to enforce the policy on his behalf with respect to monies still "due and owing."

We now consider Partnership Umbrella's further contention that it should also be able to seek recovery of those funds it paid as indemnification if it is determined that the May 25, 1995 indemnification resolution was unlawful. Partnership Umbrella argues that the modifying language of Insuring Clause 2, "as permitted or required by law," creates a condition precedent that the decision to indemnify must be valid before the coverage under Insuring Clause 1 will be terminated. Federal responds that once the insured organization makes a decision to indemnify an officer or director, coverage for the

expenses incurred by that officer or director under Insuring Clause 1 terminates and any coverage that is available under the policy must come under Insuring Clause 2.

Applying the same standard for interpreting an insurance policy cited above, we are of opinion that when read together the insuring clauses are clear and unambiguous as to the effect of a decision by "the Insured Organization . . . [to] grant[] indemnification to [an] Insured Person." Once that decision has been made, the coverage of Insuring Clause 2 becomes effective and the "Insured Person," by the express terms of Insuring Clause 1, is no longer entitled to recover his indemnified expenses.

The modifying language in Insuring Clause 2, "as permitted or required by law," does create a condition precedent; however, it would be counterintuitive to hold that this condition applies to coverage under Insuring Clause 1 where no such language is found. Rather, when read in the context of both insuring clauses, the validity of the indemnification decision is a condition precedent only to recovery under Insuring Clause 2 where the limiting language occurs. It should be self-evident that if a decision to indemnify is not "permitted . . . by law" and, thus, payments made pursuant to it would not be subject to reimbursement under Insuring Clause 2, neither would the loss incurred by the insured person be subject to direct

reimbursement under Insuring Clause 1.  Therefore, Partnership Umbrella's contention that what it may not be able to recover as a result of an invalid or unlawful decision to indemnify Paulachak, it should nonetheless be able to recover by subrogation under Insuring Clause 1 is without merit.

Partnership Umbrella's remaining assignment of error states that "[t]he Trial Court erred by ruling, as a matter of law, that Partnership Umbrella was prohibited from recovering anything from [Federal] under either Clause 1 or Clause 2 of the insurance policy if its indemnification decision is not valid." Partnership Umbrella does not relate this assignment of error to either of its questions presented and offers no substantive argument on the issue it presents.  Moreover, the error assigned does not correctly state the substance of the trial court's ruling.  Rather, as expressly stated in the final order, the trial court merely held, with regard to the second question submitted to the court by the parties, that Federal "can <u>argue</u> to the jury in this case, based on the substantive merits of [Partnership Umbrella's] decision to indemnify Paulachak, that the statutory standards governing indemnification were not met." (Emphasis added.)  In short, while it may be that the trial court would ultimately rule as Partnership Umbrella implies in its assignment of error, the trial court did not rule on the effect of the failure to meet the statutory standard, but only

18

on whether that issue could be raised.  Assuming that Partnership Umbrella intended to challenge that ruling, we hold that the trial court did not err in its ruling.

The question whether Partnership Umbrella met the required statutory standard governing indemnification has yet to be decided.  The effect of the failure to meet that standard is one of law, upon which the trial court has not yet ruled.  As we have stressed throughout this opinion, neither the determinations of law made by the trial court nor our review of that judgment in this opinion deals with the merits of Partnership Umbrella's claims, the potential defenses available to Federal under the exclusions of the policy, or the application of the indemnification statutes to any determination of fact made as to Partnership Umbrella's compliance with the standard therein.  Rather, those claims and defenses are yet to be resolved in the trial court proceedings.

CONCLUSION

For these reasons, we will reverse that portion of the trial court's judgment that prohibits Partnership Umbrella from seeking recovery under Insuring Clause 1 for those payments made on behalf of Paulachak for legal expenses incurred by him prior to May 3, 1994.  We will affirm the trial court's judgment in all other respects, and the case will be remanded to the trial

court for further proceedings consistent with the views expressed in this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded</u>.