## CIRCUIT COURT OF THE CITY OF NORFOLK

April Woidyla

v.

GEICO Ins. Co.

July 30, 2004

Case No. (Law) CL04-197

BY JUDGE CHARLES E. POSTON

Today, the Court finds that GEICO's denial of Plaintiff April Woidyla's insurance claim is valid.

### *Facts*

The Plaintiff, April Woidyla, seeks payment on a claim for uninsured motorist coverage from the Defendant GEICO Insurance Company (GEICO). At all relevant times, the Plaintiff had her own automobile insurance coverage with GEICO. The policy provided uninsured motorist coverage of up to $25,000 per person and up to $50,000 per accident.

On March 6, 2001, a car accident caused injuries to April Woidyla, who operated a motor vehicle owned by her sister, Suzanne Woidyla. State Farm Automobile Insurance Company insured Suzanne Woidyla's vehicle with a policy providing uninsured motorist coverage of $25,000 per person and $50,000 per accident. April Woidyla alleged that Maury Hardy and an unidentified driver caused the car accident; Hardy denied the allegation. Nationwide Insurance Company insured Hardy with policy limits for personal injury of $25,000 per person and $50,000 per accident.

On or about April 30, 2001, the Plaintiff settled an uninsured motorist claim with State Farm Automobile Insurance Company for the unidentified driver who allegedly caused the accident. The settlement was reached prior to the commencement of any litigation, and the Plaintiff signed a release and trust agreement as part of the settlement. On or about July 23, 2001, the Plaintiff retained counsel to pursue a claim against Hardy, and suit was initiated in this Court. Before the scheduled trial, Nationwide Insurance Company offered $25,000 for settlement of the claim against Hardy.

The Plaintiff filed a claim with GEICO under the uninsured motorist coverage section of the policy. GEICO denied the claim, relying on a consent-to-settlement exclusion in the policy section entitled "Part IV: Protection Against Uninsured Motorists Insurance," which reads in relevant part: "This insurance does not apply: (a) to bodily injury or property damage with respect to which the insured or his legal representative shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor." Plaintiff did not notify GEICO before settling the claim with State Farm Insurance Company.

*Discussion*

The specific question presented is whether an insurer may deny a claim by relying on the consent-to-settlement provision in a policy when the insured did not obtain the insurer's consent before reaching a settlement with a third-party insurance company.

Uninsured motorist insurance coverage in Virginia is governed by § 38.2-2206 of the Virginia Code, which requires insurers to cover their insureds in the event of an accident involving an uninsured motorist. Uninsured motorist coverage provides insurance for the insured motorist, not for the uninsured motorist. *Virginia Farm Bureau Mut. Ins. Co. v. Gibson,* 236 Va. 433, 438 (1988).

In effect, [uninsured motorist coverage] is a safety net to give an injured insured a fund from which to recover where the tortfeasor either has no insurance or has inadequate insurance. ... [It] is not intended to be the ultimate source of payment where any tortfeasor liable in part for the injury to the insured has adequate resources to pay the judgment.

*Id.* The Code also provides subrogation rights to any insurer paying a claim under uninsured motorist provisions. Va. Code Ann. § 38.2-2206(g) (2004). Lastly, the Code prohibits an insurer providing uninsured motorist coverage from requiring anything of the insured except the establishment of legal liability. Va. Code Ann. § 38.2-2206(h) (2004).

The Virginia Supreme Court first took up the issue of consent-to-settlement provisions in *Gibson*, where the plaintiff-insurer had included a provision in the defendant-insured's policy identical to the one in the case at bar. The insured had been injured in an accident allegedly caused by a known driver and an unknown driver. Without the consent of the insurer, the insured settled with the known driver prior to trial for $35,000, much less than the known driver's own policy limits of $100,000. After the jury returned a verdict at trial for $70,000 against the unknown driver, the insured demanded the insurer pay $35,000, the difference between the verdict and the settlement. Citing the insured's breach of the consent-to-settlement provision and violation of the insurer's subrogation rights, the insurer refused to pay. The court held that the consent-to-settlement provision "prevents an uninsured motorist carrier from paying a claim when another source of funds should pay" and that such a provision is a valid mechanism for protecting the insurer's subrogation rights. *Gibson*, 236 Va. at 438-39. In upholding the consent-to-settlement provision, the court also reversed the trial court's ruling that the provision violated § 38.1-381(g) of the Virginia Code (current § 38.2-2206(h)) which prohibited an insurer from requiring anything of the insured except the establishment of legal liability. *Id.* at 436, 438-39.

In the case at bar, the Plaintiff challenges GEICO's denial of coverage on two grounds. First, the Plaintiff contends that GEICO cannot exercise its subrogation rights against State Farm because State Farm paid its policy limit for uninsured motorist coverage and cannot be any further liable. Since protecting subrogation rights was the basis for upholding the consent-to-settlement provision in *Gibson*, the Plaintiff argues that the provision in the present matter should not be enforceable because there are no subrogation rights to protect and thus there is no prejudice to GEICO. Second, the Plaintiff contends that GEICO's consent-to-settlement provision places a condition upon uninsured motorist coverage in violation of § 38.2-2206(h) because it requires more from the Plaintiff than the establishment of legal liability.

*Osborne v. National Union Fire Ins. Co.*, 251 Va. 53 (1996), is instructive when considering the Plaintiff's contentions. In *Osborne*, the court held that an insurer is not required to show that it was prejudiced in the protection of its subrogation rights when denying coverage based on a consent-to-settlement provision. 251 Va. at 56. Further, the court held that prejudice is not a prerequisite for an insurer to deny coverage based on a consent-to-settlement provision. *Id.* Assuming that GEICO's subrogation rights may not have been prejudiced by the Plaintiff's settlement with State Farm, the *Osborne* rule nonetheless teaches that a lack of prejudice does not render the consent-to-settlement provision unenforceable.

The court in *Osborne* also addressed the Plaintiff's second contention that the clause violates § 38.2-2206(h). In explaining why an insurer need not demonstrate that its subrogation rights have been harmed, the court stated that consent-to-settlement provisions are mere "conditions of coverage rather than restrictions on coverage in violation of statute." 251 Va. at 56. In reversing the trial court, the court in *Gibson* implicitly found that consent-to-settlement provisions do not violate § 38.1-381(g) (current § 38.2-2206(h)). 236 Va. at 436, 438-39. In light of the Virginia Supreme Court's rulings in *Osborne* and *Gibson*, the Court cannot agree with the Plaintiff that the consent-to-settlement provision violates § 38.2-2206(h).

For the foregoing reasons, the Court finds that GEICO's reliance upon the consent-to-settlement provision in denying the Plaintiff's insurance claim is valid.