**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-1635**

─────────

WELLS FARGO EQUIPMENT FINANCE, INCORPORATED,

                Plaintiff - Appellee,

      v.

STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

                Defendants - Appellants,

      and

MIRIAM TRUCKING, INCORPORATED; RODOLFO TEKLE; RODO,
INCORPORATED,

                Defendants.

─────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Liam O'Grady, District
Judge. (1:10-cv-01246-LO-IDD)

─────────

Argued: September 19, 2012      Decided: October 4, 2012

─────────

Before MOTZ, KING, and WYNN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ARGUED:** Dawn Boyce, BANCROFT, MCGAVIN, HORVATH & JUDKINS, PC,
Fairfax, Virginia, for Appellants.  Timothy Stephen Baird, KUTAK
ROCK LLP, Richmond, Virginia for Appellee.  **ON BRIEF:** Loc

Pfeiffer, Alison W. Feehan, KUTAK ROCK LLP, Richmond, Virginia for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This diversity case arises from a dispute as to whether certain insurance policies exclude coverage to a loss payee when the primary insured caused the loss by intentionally burning insured trucks. Applying Virginia law, the district court concluded that the exclusion did not bar coverage and granted the insured's loss payee judgment on the pleadings. We affirm.

I.

The parties do not contest the relevant facts. In April and May 2008, Wells Fargo Equipment Finance, Inc. ("Wells Fargo") loaned RODO, Inc. ("RODO") funds for the purchase of three trucks. The loan contracts granted Wells Fargo a security interest in the trucks. In July 2008, RODO assigned the loan contracts and trucks to Miriam Trucking ("Miriam Trucking").

In August 2008, State Farm Fire and Casualty Company ("State Farm Fire") issued an insurance policy to Miriam Trucking covering two of the trucks, and State Farm Mutual Automobile Insurance Company ("State Farm Auto") issued an insurance policy covering the third truck. Both policies named Wells Fargo as the loss payee with respect to the trucks.

On December 13, 2008, a fire destroyed two of the trucks. As the parties confirmed at oral argument, they have stipulated

3

for the purposes of this case that Miriam Trucking intentionally destroyed the trucks.

Wells Fargo filed claims with State Farm Fire and State Farm Auto (collectively "State Farm"), which State Farm refused to pay. Wells Fargo then brought suit against State Farm claiming, inter alia, breach of contract. Wells Fargo moved for judgment on the pleadings as to these claims, which the district court granted. State Farm now appeals.[*]

## II.

We review de novo the district court's grant of a Rule 12(c) motion for judgment on the pleadings, applying the same standard as would apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). Thus, to uphold a grant of judgment on the pleadings, we must find that the non-moving party can prove no set of facts in support of its claim that would entitle it to relief. See Bruce v. Riddle, 631 F.2d 272, 273-74 (4th Cir.1980).

---

[*] State Farm's notice of appeal states its intention to appeal the district court's entry of final judgment and award of prejudgment interest in addition to its grant of judgment on the pleadings. State Farm, however, did not address those claims in its brief and has therefore waived them. See Canady v. Crestar Mortg. Corp., 109 F.3d 969, 973 (4th Cir. 1997).

4

The dispute in this case centers on the interpretation of the "Loss Payable Endorsement" in both policies. This endorsement provides, in relevant part:

> With respect to coverage provided by this endorsement, the provisions of the coverage form apply unless modified by the endorsement.
>
> (a) We will pay, as interest may appear, you and the loss payee named in the policy for "loss" to a covered "auto."
>
> (b) The insurance covers the interest of the loss payee unless the "loss" results from conversion, secretion or embezzlement on your part.

Under Virginia law, when terms of an insurance policy are "clear and unambiguous" courts "give the language its plain and ordinary meaning." P'ship Umbrella, Inc. v. Fed. Ins. Co., 260 Va. 123, 133, 530 S.E.2d 154, 160 (2000). When, however, language in an insurance policy is ambiguous, courts construe it in favor of the insured, i.e. to provide coverage. See, e.g., Virginia Farm Bureau Mut. Ins. Co. v. Williams, 278 Va. 75, 81, 677 S.E. 2d 299, 302 (2009).

In this case, the district court held that the insurance policies created an obligation to the loss payee, Wells Fargo, even if the primary insured, Miriam Trucking, was barred from recovery by its asserted arson. See Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co., 805 F. Supp. 2d 213, 220-23 (E.D. Va. 2011). The court reasoned that the alleged arson of

the primary insured did not unambiguously qualify as "conversion" under the conversion exclusion clause.

This conclusion accords with that reached by nearly every court to consider a comparable question. See Gibralter Fin. Corp. v. Lumbermens Mut. Cas. Co., 400 Mass. 870, 872, 513 N.E.2d 681, 683 (1987); Foremost Ins. Co. v. Allstate Ins. Co., 439 Mich. 378, 391, 486 N.W.2d 600, 606 (1992); Bennett Motor Co. v. Lyon, 14 Utah 2d 161, 164, 380 P.2d 69, 71 (1963); Nat'l Cas. Co. v. Gen. Motors Acceptance Corp., 161 So. 2d 848, 852 (Fla. Dist. Ct. App. 1964); Nationwide Mut. Ins. v. Dempsey, 128 N.C. App. 641, 644-45, 495 S.E.2d 914, 916 (1998); Pittsburgh Nat'l Bank v. Motorists Mut. Ins. Co., 87 Ohio App. 3d 82, 88, 621 N.E.2d 875, 879 (1993). Indeed, State Farm has only cited one case to the contrary. See Commerce Union Bank v. Midland Nat'l Ins. Co., 43 Ill. App. 2d 332, 193 N.E.2d 230 (1963).

We agree with the district court and most of the other courts to consider similar policy language that the conversion exclusion does not unambiguously apply to bar coverage by the loss payee. Accordingly, the district court properly granted judgment to Wells Fargo.

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.