Aguiar, J.
This appeal raises the issue of whether the trial court erred in allowing defendant’s motion for summary judgment and in effect ruled that the insurance policy coverage was properly denied because plaintiff's loss fell within the policy exclusion for losses “due to conversion, embezzlement or secretion.”
We find there was no error.
Plaintiff claims as a matter of law that his loss ought to be covered under the fire, theft and vandalism portion of defendant’s insurance policy. Plaintiff argues that the term “conversion” in a legal sense is not a household term that the plaintiff or the average lay person would understand and that he had no idea that if the boat was taken to be repaired the person repairing it could steal it and the loss would not be covered.
The facts are not in dispute.
In or about November 1991, the plaintiff entered into an oral agreement with Tiger Marine, Inc., pursuant to which the plaintiff left his 1989 Checkmate Convin-cor speed boat and Skippe trailer at Tiger Marine’s boatyard. Tiger Marine was to find a buyer for all or part of the engine contained in the plaintiff’s boat. However, while the plaintiff’s boat was at Tiger Marine’s boat yard, it was stripped of various parts. The plaintiff brought suit against Tiger Marine alleging breach of contract, failure by Tiger Marine to exercise due care as a bailee, unfair and deceptive business practices under M.G.L. chapter 93A wilful and knowing violation of M.G.L. chap. 93A and conversion. On June 6, 1995, following trial, judgment entered for the plaintiff as to four of the five counts contained in the plaintiff’s complaint. The count for conversion was dismissed after trial upon the request of plaintiff’s counsel. However, the judge’s findings of fact and rulings of law pertaining to that case categorically reflect that the actions of Tiger Marine consisting of its exercise of dominion over the plaintiff’s boat, which was inconsistent with the agreement between the plaintiff and Tiger Marine, constituted conversion. Tiger Marine filed bankruptcy. Suit was then brought against the defendant.
Massachusetts courts have defined conversion as “an intentional and wrongful *123 exercise of dominion or control over a chattel, which seriously interferes with the owner’s rights in the chattel.” Evergreen Marine Corp. v. Six Consignments of Frozen Scallops, 4 F.3d 90, 94 (1st Cir. 1993).
A necessary element of conversion is “the presence of an exertion of wrongful authority over the object bailed in violation of the conditions of the contract of bailment and in derogation of the rights of the bailor or owner.” Rourke v. Cadillac Automobile Co., 268 Mass. 7, 8-9 (1929). In construing the language of a policy of insurance which is clear and unambiguous, this court must give the words contained in the policy their ordinary meaning and avoid interpretations of policy language which result in words being rendered meaningless. Gibraltar Financial Corp. v. Lumbermens Mutual Casualty Corp., 400 Mass. 870, 872 (1987).
The plaintiff contends that a construction of the policy which results in coverage for theft of the plaintiff’s boat while excluding coverage for conversion of the boat operates to negate the “theft” portion of the policy since all thefts include conversion. The difficulty with plaintiff’s argument is that although all thefts encompass the elements of conversion all conversions do not encompass the elements of theft. In essence, theft equals conversion plus intent to deprive the owner permanently of his property. See M.G.L. ch. 266, section 30 (“Whoever steals, or with intent to defraud obtains by a false pretense, or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent to convert, the property of another as defined in this section ... shall be guilty of larceny.”). However, there is no similar requisite intent with respect to conversion; one only need to intend to exercise dominion or control over the property of another and can be held liable for conversion even if the property over which he exercised control was believed to be his own. Therefore, an insurance policy which provides coverage for theft of the plaintiff’s boat while excluding coverage for conversion of the boat is not illusory, as although it allows an insurer to deny coverage for conversion of the vessel, it does not allow an insurer to deny coverage for theft of the vessel.
The plaintiff’s complaint in the Schiappa I action specifically alleged that Tiger Marine “converted to its own use and or benefit against the right of the plaintiff numerous parts and accessories which were attached to the plaintiff’s boat.” In addition, the trial judge specifically found that Tiger Marine converted the plaintiff’s boat. Lastly, the plaintiff’s responses to the defendant’s request for admissions admit the essential elements to a finding of conversion. Accordingly, there exists no genuine issue of material fact with respect to whether Tiger Marine’s actions, which resulted in the loss sustained to the plaintiff’s boat, constituted a conversion. Therefore, the loss sustained to the plaintiff’s boat was “due to conversion” and is excluded by the plain unambiguous language contained in section I, paragraph B, 7, of the defendant’s policy.
We find there was no error.
For all of the above reasons the appeal is dismissed.