Mulligan, J.
The plaintiff, United Services Automobile Association (“USAA”), brought this action pursuant to G.L.c. 231A, §1 et seq. seeking a declaration that the defendant, David P. Chaisson (“Chaisson”), cannot recover under the uninsurance provision of his automobile policy with USAA. The plaintiff has moved for summary judgment. For the following reasons, the plaintiffs motion for summary judgment is ALLOWED.

BACKGROUND

The materials submitted by the parties in support of and in opposition to this motion present the following undisputed facts. The defendant, David P. Chaisson, is a resident of Boulder City, Nevada and is a USAA member or insured. On or about July 5, 1994, Chaisson had an automobile policy of insurance with USAA which provided uninsurance benefits in the amount of $20,000 per person. Chaisson’s insurance policy also provided $20,000 of underinsurance coverage.
On or about July 5, 1994, while operating his motor vehicle, Chaisson was involved in a motor vehicle accident in Peabody, Massachusetts. Chaisson reported that the automobile in front of him attempted an illegal u-turn necessitating Chaisson to stop suddenly. Chaisson’s vehicle did not strike the u-turn *558 vehicle, but a car behind Chaisson rear-ended him, and Chaisson was injured.
Chaisson was able to identify the driver of the car that rear-ended him and filed a claim with the identified tortfeasor’s insurance company. The identified tortfeasor had $20,000 of bodily injury coverage and Chaisson subsequently recovered that amount under the policy. Because Chaisson could not identify the other tortfeasor, and because Chaisson’s damages exceeded $20,000, Chaisson filed a claim with USAA under the uninsurance provision of his own insurance policy. USAA refused to pay any monies, contending that Chaisson was not eligible for uninsurance coverage since the amount recovered by Chaisson from the identified tortfeasor was equal to the policy limits of the uninsurance provision of Chaisson’s automobile insurance policy.[1]

DISCUSSION

This Court grants summary judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r. of Correction, 390 Mass. 419 422 (1983); Community Nat’l. Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine dispute of material fact on every relevant issue “even if he would have no burden on an issue if the case were to go to trial.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989), citing Attorney Gen. v. Bailey, 386 Mass. 367, 371, cert denied sub nom. Bailey v. Bellotti, 459 U.S. 970 (1982). Once the moving party establishes the absence of a triable issue, the non-moving party must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, 404 Mass. at 17.
General Laws c. 175, §113L, the underinsured and uninsured motorist statute, was “designed ‘to protect [the] public from injury caused by motorists who could not make the injured party whole,’ subject, of course, to the limits provided in the insured’s policies.” Cardin v. Royal Ins. Co. of America, 394 Mass. 450, 454 (1985), quoting Surrey v. Lumbermans Mut. Casualty Co., 384 Mass. 171, 177 (1991); see also Commerce Insurance v. Scarcella, Worc. Sup. Ct. No. 97-0301, 8 Mass. L. Rptr. 465 (Toomey, J.) (June 3, 1998). “The rationale of uninsured motorist coverage is that it compensates injured persons in cases where the responsible tortfeasor is presumed to have no insurance or other assets with which to pay compensation to the victim. Thus any recovery from an uninsured tortfeasor goes first to repay the insurer for benefits it pays to the policyholder.” MacInnis v. Aetna Life & Casualty Co., 403 Mass. 220, 225 n.8 (1988). More specifically, “a policyholder is not entitled to uninsured motorist coverage ”to the extent that there is recovery from another alleged tortfeasor." Id. at 225, quoting Aetna Casualty & Sur. Co. v. Poirier, 371 Mass. 257, 261-62 (1976). The dominant purpose behind reducing uninsured benefits by recovery from another tortfeasor is to prohibit duplicative or windfall recovery. See, e.g., “Amica Mutual Ins. Co. v. Bagley, 28 Mass.App.Ct. 85, 89 (1989); Scarcella, supra. For example, in Poirier, the Supreme Judicial Court held that the provider of uninsured motorist coverage was entitled to repayment from the first $5,000 of recovery against the tortfeasor, and the policyholder’s receipt of $5,000 relieved the insurer’s obligation to pay uninsured motorist benefits in the amount of $5,000. See MacInnis, 403 Mass. at 224-25. Because the policyholder’s uninsurance coverage was $5,000 and she recovered $5,000 from the tortfeasor, she could not recover-any uninsurance from her insurer. Id.
In this case, the policy limits of Chaisson’s uninsurance coverage was $20,000 and Chaisson recovered $20,000 from the identified tortfeasor. To order USAA to pay additional money to Chaisson would result in his improperly receiving duplicative recovery. Stated differently, regardless of the fact that there were two tortfeasors, Chaisson recovered $20,000 from an identified tortfeasor in the motor vehicle accident, the exact limit of his uninsurance coverage. As in Poirier, the receipt of the $20,000 by Chaisson relieved USAA of its obligation to pay uninsurance benefits in the amount of $20,000. Since Chaisson’s uninsurance coverage is $20,000, USAA need not pay Chaisson any monies.[2]

ORDER

For the forgoing reasons, it is hereby ORDERED that USAA’s motion for summary judgment is ALLOWED. The Court DECREES and DECLARES that David P. Chaisson is not entitled to recover under the uninsured portion of his automobile insurance policy with United States Automobile Association for injuries suffered by Chaisson on July 5, 1994.

 USAA contended further that, in the event that Chaisson had recovered a sum from the identified tortfeasor that was less than his uninsurance policy limits, USAA would have subtracted that sum from the policy limits, and paid the difference.

 Chaisson also can not recover under the underinsurance provision of his motor vehicle insurance policy. “Unlike uninsured motorist coverage, underinsured motorist coverage entitles the policyholder to recover from two sources, the tortfeasor and the provider of underinsured motorist coverage." MacInnis, 403 Mass. at 225. To collect underinsurance, however, the limits of the tortfeasor’s insurance must be less than the insured’s underinsurance and not sufficient to pay for the damages of the injured person. In this case, regardless of whether the amount recovered by Chaisson was sufficient to pay his damages, Chaisson’s underinsurance coverage was $20,000 and was therefore not less than the tortfeasor’s insurance. To allow Chaisson to recover any monies under the underinsurance provision of his motor vehicle insurance policy would compensate him for more than he contracted.