JOSHUA BARDIGE *vs.* PERFORMANCE SPECIALISTS, INC.,[1]
& another.[2]

No. 08-P-461.

Middlesex. January 13, 2009. - April 16, 2009.

Present: TRAINOR, GRAHAM, & RUBIN, JJ.

*Practice, Civil,* Summary judgment, Affidavit, Judicial discretion.

In a products liability action brought in Superior Court, the judge hearing the
defendants' motions for summary judgment properly concluded that the
expert evidence offered by the plaintiff in opposition to the defendants'
motions was ineligible for consideration under Mass.R.Civ.P. 56, where
the plaintiff's evidence consisted of one unsigned letter from an expert and
a signed letter from another expert, neither of which was in affidavit form,
sworn to or signed under the pains and penalties of perjury, so as to com-
ply with rule 56 [101-103]; further, the plaintiff, who did not file an
affidavit requesting a continuance to cure the defect in his evidence pursu-
ant to rule 56, despite being on notice that the evidence was improper as to
form, failed to demonstrate that the judge should have afforded him an
opportunity to cure the defect, or that the judge abused his discretion in
declining to grant the plaintiff additional time to do so [103-104].

CIVIL ACTION commenced in the Superior Court Department on
July 20, 2006.

The case was heard by *Thayer Fremont-Smith,* J., on motions
for summary judgment.

*Andrew M. Fischer* for the plaintiff.

*Mark W. Corner* for LeMond Fitness, Inc.

*Mark F. Mahnken* for Performance Specialists, Inc.

GRAHAM, J. The plaintiff, a competitive cyclist with a history
of problems with his Achilles tendon and foot surgery, consulted
with the defendant, Performance Specialists, Inc., doing busi-
ness as Fit Werx (Fit Werx). While providing bicycle fitting

---

[1]Doing business as Fit Werx.

[2]LeMond Fitness, Inc.

services to the plaintiff, Fit Werx recommended and installed Cant Wedges, manufactured by the defendant, LeMond Fitness, Inc. (LeMond), into the plaintiff's bicycling shoes. Thereafter, within a few days of the installation of the Cant Wedges, the plaintiff began to experience pain in the sole of his foot, allegedly due to "microfractures of his accessory navicular bone and tendinitis," which he attributed to the use of the Cant Wedges. He brought a complaint against both defendants alleging negligence, breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose.

Each defendant moved for summary judgment, submitting pleadings, depositions, and answers to interrogatories in support of their respective motions. Each defendant's motion was supported by an affidavit of Paul Swift, a "co-founder and one of the original contributors and developers of the Cant Wedge." In the affidavit, Swift stated that "LeMond and/or its predecessors [had] sold nearly one (1) million of the Cant Wedge product, but [had] never received any notices or complaints of the Wedges injuring users," and that LeMond was not aware of any design or manufacturing defect in the wedges.

In opposition, the plaintiff produced as expert opinion evidence an unsigned letter dated January 23, 2004, from his treating podiatrist, Dr. David B. Alper, addressed to Fit Werx, which provided in pertinent part:

> "[The plaintiff] presented himself to my office last week with a chief complaint of exquisite pain in the medial bottom of his arch in his right foot. He stated that this pain appeared after using the new device you manufactured for his pronation while biking. . . . From the description of the device and its use, I must agree that the device caused his current problem. By pushi[n]g directly into the midfoot, especially under the pressure of his pedaling, the tendon was squeezed into the midfoot bones and inflam[]ed. I have instructed him to stop using the device immediately."

The plaintiff also produced a signed opinion letter of Dr. Raymond S. Murano, a podiatrist. In the letter, Dr. Murano stated:

> "It is my professional opinion with a reasonable degree of

medical certainty based on my education, experience, and training in the foot and ankle field that as a direct and proximate result of Fit Werx's and LeMond Fitness in their negligent, untrained, and un-professional, non medical fitting of cant wedges onto [the plaintiff's] cycling shoes he sustained severe personal injuries, pain, suffering, loss of earnings, the need to have continued medical care and the one thing he loved to do most — cycling is diminished."

Dr. Murano questioned whether LeMond's instructions for the installation and use of Cant Wedges was adequate, and stated in his opinion letter that he found "both Fit Werx and LeMond negligent in not advising, warning, or suggesting to [the plaintiff] that Cant Wedges may pose a risk to some one who had foot problems or foot surgery." He also questioned the manufacturing process and warranty of fitness and use, noting that "the possibility of a design flaw in the assembly of the Cant Wedge can not be ruled out."

A Superior Court judge allowed the defendants' motions for summary judgment on the grounds that the plaintiff had "failed to proffer any expert testimony to support his claim for product liability or causation of injury." The judge declined to consider either of the plaintiff's expert opinion letters on the grounds that neither letter was in affidavit form sworn to or signed under the pains and penalties of perjury so as to comply with Mass.R.Civ.P. 56, 365 Mass. 824 (1974).[3] The plaintiff has appealed, arguing that the expert letters sufficed for purposes of opposing summary judgment and, alternatively, that he was "ambushed" by the judge's ruling and should have been afforded an opportunity to cure the defect in his proof, or perhaps to seek additional time to do so in accordance with rule 56(f).[4]

*Discussion.* An appellate court reviews the allowance of a

---

[3]Rule 56(e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

[4]There is no merit to the defendants' argument that the plaintiff's notice of appeal is a nullity. The order allowing the defendants' motions for summary judgment was entered on October 1, 2007, but the defendant did not receive

motion for summary judgment de novo, see *In re: Blinds to Go Store Purchase Litigation*, 443 F.3d 1 (1st Cir. 2006); *Matthews v. Ocean Spray Cranberries, Inc.*, 426 Mass. 122, 123 n.1 (1997), and considers "the record and the legal principles involved without deference to the" reasoning of the motion judge. *Clean Harbors, Inc. v. John Hancock Life Ins. Co.*, 64 Mass. App. Ct. 347, 357 n.9 (2005). In reviewing the judge's allowance of summary judgment, this court must view the materials in the light most favorable to the nonmoving party to determine whether all material facts have been established, and whether the moving party is entitled to judgment as matter of law. See *Humphrey v. Byron*, 447 Mass. 322, 325 (2006).

Rule 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and responses to requests for admission under [Mass.R.Civ.P. 36, 365 Mass. 795 (1974)], together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In cases such as this, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, summary judgment is appropriate where the moving party "demonstrates, by reference to the material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials," that there is a complete failure of proof concerning an essential element of the nonmoving party's case. *Kourouvacilis v. General Motors Corp.*, 410 Mass. 706, 716 (1991).

Here, the defendants met their burden with Swift's affidavits and other evidence listed in rule 56(c). "Once the defendants met their burden in moving for summary judgment, the burden shifted to the plaintiff to show with admissible evidence the

notice from the clerk's office. When, on November 1, 2007, plaintiff's counsel learned of the entry of the order, he promptly filed a motion to file a late notice of appeal, which was allowed on November 14, 2007. See *Abbott v. John Hancock Mut. Life Ins. Co.*, 18 Mass. App. Ct. 508, 512-516 (1984). On December 18, 2008, the plaintiff filed a motion for reconsideration, the denial of which was entered on January 22, 2008. The plaintiff did not appeal from that denial. Since the motion for reconsideration was not filed within ten days of the entry of the judgment, it was not timely under Mass.R.Civ.P. 59, 365 Mass. 827 (1974). In these circumstances, Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999), which provides that a "notice of appeal filed before the disposition of [a rule 59 motion] shall have no effect," does not apply.

existence of a dispute as to material facts." *Godbout* v. *Cousens*, 396 Mass. 254, 261 (1985). "When a motion for summary judgment is made and supported . . . , an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [rule 56], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Id.* at 261-262, quoting from Mass.R.Civ.P. 56(e).

The only evidence submitted by the plaintiff to defeat the defendants' motions was the unsigned letter of Dr. Alper and the signed letter of Dr. Murano, neither of which was in affidavit form, sworn to or signed under the pains and penalties of perjury, so as to comply with Mass.R.Civ.P. 56. The judge properly ruled that these letters were "ineligible for consideration in a Rule 56 motion." See *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 245 (1976) (plaintiff's motion for summary judgment granted where the defendant's " 'affidavit' was not an affidavit, since it was not sworn to or signed under the penalties of perjury"); *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. at 710-711 ("motion judge properly refused to consider [witness's] alleged statement because it was not in affidavit form").[5]

The plaintiff also alleges that the judge abused his discretion in refusing to consider the plaintiff's evidence based on "a technical defect that could easily be cured." He argues that the judge misapplied the provisions of rule 56(e), and that the "judge should have offered the plaintiff an opportunity to correct any perceived error" in accordance with rule 56(f) so that the matter could be decided on the merits.

---

[5]With respect to the parallel provision of the Federal Rules of Civil Procedure, the Federal Circuit Courts of Appeals are divided. Some have held that a nonmoving party may rely only on those documents enumerated in rule 56(c). See, e.g., *Duplantis* v. *Shell Offshore, Inc.*, 948 F.2d 187, 191-192 (5th Cir. 1991). By contrast, at least one court, the United States Court of Appeals for the Third Circuit, has indicated that an unauthenticated physician's letter not in affidavit form may be considered where the contents of that letter are admissible under Fed.R.Evid. 803(4). See *Bushman* v. *Halm*, 798 F.2d 651, 655 n.5 (3d Cir. 1986). Nonetheless, it is clear that in this Commonwealth, the plain language of rule 56 prohibits a nonmoving party from relying upon letters, like those submitted in this case, that are neither in affidavit form nor attached to or served with an affidavit.

The plaintiff could have, pursuant to rule 56(f), filed an affidavit requesting a continuance to cure the defect in his evidence,[6] but did not do so. Failure to file an affidavit pursuant to rule 56(f), or to explain the failure to do so, is fatal to an argument that the judge should have granted the plaintiff an opportunity to cure. See *First Natl. Bank of Boston* v. *Slade*, 379 Mass. 243, 244-245 (1979). The plaintiff's only explanation is that he was not made aware that the judge would not consider letters not sworn to or signed under the pains and penalties of perjury until it was too late to file a rule 56(f) affidavit.

Although the judge could have allowed the plaintiff an opportunity to cure the defect as to the form of the letters, on this record, we are unable to conclude that the judge abused his discretion. See *Kalenderian* v. *Marden*, 46 Mass. App. Ct. 930, 931 (1999) (a judge's discretion will be deemed abused when arbitrary, capricious, whimsical, or idiosyncratic). According to the record, the judge alerted plaintiff's counsel at the summary judgment hearing that his letter from Dr. Alper was improper as to form. Plaintiff's counsel had notice that the judge would consider the form of his evidence when deciding whether such evidence was admissible. The judge was not required to notify the plaintiff, at the summary judgment hearing, of every way in which his evidence was deficient as to form.

*Conclusion.* For the reasons set forth above, the allowance of the defendants' motions for summary judgment is affirmed.

*So ordered.*

---

[6]Rule 56(f) provides, "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."