Merrick, J.
Source One Financial Corporation (“Source One”) is the secured lender named as loss payee in a policy of automobile insurance issued by Safety Insurance Company (“Safety”) to Evolution Iron Works, Inc. (“Evolution”) on a 2002 BMW. The policy was for the term of April 26,2010 to April 26, 2011 and included a business automobile coverage form and a Massachusetts mandatory endorsement (language required by the Massachusetts Insurance Commissioner to comply -with Massachusetts law). Source One brought this action under G.L.c. 93A and in contract against Safety for the latter’s refusal to pay damages for a claim.
On August 18,2010, Jefferson Anjo (“Anjo”), variously described in the record as an employee or the owner of Evolution, reported to Safety that the BMW had been damaged. There is no affidavit or other sworn statement from Anjo in the record. According to Safety, Anjo reported that he had been in an accident. Again according to Safety, Anjo reported that another vehicle had caused him to swerve, resulting in the BMWs front tires striking the curb on the traffic island to his left. The undercarriage of the BMW, but not the rear tires, also went up onto the traffic island. Anjo reported that he reversed the BMW off the traffic island and drove home.
Safety’s automobile appraiser estimated the cost to repair the damage as $10,510.83, and the vehicle’s pre-accident value to be $12,575.00. A further inspection of the damage by The Crash Lab, Inc. (“Crash Lab”), an accident reconstruction company, resulted in its opinion that more than one occurrence of damage was involved, that some of the major damage to the undercarriage appeared to have been caused by a tool or cutting instrument, and that the damage did not happen in the manner reported by Anjo.[1] Following its investigation, Safety denied liability for the property damage claim filed by Evolution. This action followed.
The parties filed cross motions for summary judgment. The motion judge allowed only Source One’s motion as to count 2, the contract claim.[2] After another judge allowed a Mass. R. Civ. E, Rule 54(b), motion for separate and final judgment, Safety appealed the allowance of summary judgment in contract in favor of Source One and the denial of its motion to strike Source One’s affidavit[3] containing hearsay statements from Anjo.
Affidavits on summary judgment “shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively *126 that the affiant is competent to testify to the matters stated therein.” Bardige v. Performance Specialists, Inc., 74 Mass. App. Ct. 99, 101 n.3 (2009), quoting Mass. R. Civ. R, Rule 56(e). Anjo’s statements, repeated by Source One in its “verified complaint,” concerning the alleged accident should have been stricken. The only statement concerning the fact of an accident or other occurrence causing damage is Anjo’s hearsay statement. That some version of Anjo’s report is also repeated as hearsay in a letter by Safety’s counsel, for the purpose of demonstrating its alleged falsity, does not make it admissible for its truth. As the only evidence of accidents or occurrences causing damage are inferences that may be drawn from the physical condition of the vehicle, the motion to strike the affidavit should have been allowed and any summary judgment based on it denied.
The omission of a sworn statement from Anjo appears simple to remedy, since Safety says it has the transcript of an examination under oath from him, although it is not included in the record. Moreover, it seems also to be Safety’s position that Anjo’s statement is not necessary to a determination of liability since there is damage to the vehicle caused either by accident or by Anjo’s act and that was not, by any interpretation, the result of any of the specified exceptions to the loss payee coverage extension. We consider, therefore, the parties’ other arguments on the meaning of the language in the loss payee clause.
“The policy is one prescribed by statute, with standard language controlled by the Division of Insurance.... We must construe the words of the policy according to the fair meaning of the language used, as applied to the subject matter. Moreover, where the words of an insurance contract are ‘plain and free from ambiguity they must be construed in their usual and ordinary sense’” (citations omitted). Jacobs v. United States Fid. & Guar. Co., 417 Mass. 75, 76-77 (1994), quoting Sherman v. Employers’ Liab. Assur. Corp., 343 Mass. 354, 356 (1961). The physical damage coverage of the policy insures against “loss” to a covered vehicle, which it defines as “direct and accidental loss or damage.” The loss payee clause, included in the Massachusetts mandatory endorsement, provides in pertinent part:
4. Loss Payee
When the Declarations shows that a loss payee has a secured interest in a covered ‘auto,’ we will make payments under Physical Damage Coverage according to the legal interests of each party.
The loss payee’s right of payment will not be invalidated by your[4] acts or neglect except that we will not pay if the ‘loss’ to a covered ‘auto’ is the result of conversion, embezzlement, or secretion by you or any household member. Also, we will not pay the loss payee if the loss’ to a covered ‘auto’ is the result of arson, theft or any other means of disposal committed by you or at your direction” (emphasis added).
The loss payee clause extends the insuring clause of the policy to include, as to the loss payee only, a loss caused by an act of the insured, as limited. The burden is on *127 Source One to prove that the loss falls within the insuring clause of the policy. That is, Source One must prove that there was a loss that was either an accident or the result of an act of Evolution’s that did not amount to “conversion, embezzlement or secretion” or “arson, theft or other means of disposal.” The individual, specific causes of loss just enumerated are not exclusions, but exceptions to the insuring clause recited as part of it.
The general rule governing the pleading and proof of exceptions is ... that a plaintiff seeking to recover for breach of a duty or obligation created by a general clause of a contract, which also contains an exception descriptively limiting such duty or obligation, must allege and prove that his cause of action is within the contract and outside the exception; but that where the exception is in another separate and distinct clause of the ... contract defining ... the duty or obligation, then the burden is upon the party relying upon such an exception.
Murray v. Continental Ins. Co., 313 Mass. 557, 563 (1943).
As the specific causes of loss that are not included in the extension of coverage to loss payees are enumerated there, rather than included in a list of exclusions, it is part of Source One’s burden to prove the loss is not the result of one of them. The particular cause of loss not included in the loss payee coverage extension with which the parties deal here is “any other means of disposal committed by [the insured].”
Safety argues that the intent of the language of the loss payee clause is to exclude loss caused by any intentional act of the insured. The language simply will not permit that reading. In Gibraltar Fin. Corp. v. Lumbermens Mut. Cas. Co., 400 Mass. 870 (1987), the Court suggested that such a reading would render the extension of coverage to the loss payee “redundant and meaningless.” Id. at 872. At the other extreme, Source One argues that “means of disposal,” read in conjunction with the other enumerated causes not included in the expansion of coverage to the loss payee, does not expand them at all. The Oxford Online Dictionary and the two online dictionaries cited by Source One include as a definition of “disposal” the act or means of “getting rid of something.” The Merriam-Webster Collegiate Dictionary (10th ed. 2001) gives a definition of “disposal” most applicable to these facts as:
2: the act or process of disposing: as a: orderly placement or distribution b: REGULATION, ADMINISTRATION c: the act or action of presenting or bestowing something <~ of favors> d: systematic destruction', esp: destruction or transformation of garbage” (emphasis added).
Id. at 335. Source One argues that the vehicle has not been disposed of because it was capable of being inspected by Safety. We think that the systematic destruction of a vehicle would constitute “other means of disposal” even if salvageable residue remains. We do not agree with Safety’s argument that any damage intentionally caused by the insured, such as “keying” a gouge along the side of the BMW or breaking its window, would be sufficient to constitute disposal. It remains, within limits, for the jury to determine whether the damage it finds to be caused by the insured constitutes “other means of disposal.”
*128 To recapitulate, the motion for summary judgment should not have been allowed. Source One has the burden of proving that the BMW was damaged in an occurrence that was either accidental or caused by an act of the insured, but was not the result of “conversion, embezzlement or secretion” or “arson, theft or other means of disposal.”
The judgment for Source One Financial Corporation is vacated, and the allowance of Source One’s motion for summary judgment on count 2 of its complaint is reversed. This action is returned to the Hingham District Court for a trial on all claims.
So ordered.

 The version of events reported to Crash Lab and found to be inconsistent with the physical evidence is not in the record.

 Although the repair costs were estimated to be $10,510.83, the judge properly assessed damages to Source One in the amount due on the loan on the date of the accident, reduced by any payments made thereafter until the date of the assessment. Ben-Morris Co. v. Hanover Ins. Co., 3 Mass. App. Ct. 779 (1975).

 The “affidavit” is actually a reference in the brief to a paragraph in Source One’s “verified complaint” repeating a statement made to Source One by Anjo concerning the alleged accident.

 The words “you” or “yours” in the policy are defined as the named insured, which, in this case, is Evolution Iron Works, Inc.