NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-526

ROBERT E. MURPHY

vs.

U.S. BANK NATIONAL ASSOCIATION, trustee,[1] & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In a Superior Court action to rescind a foreclosure sale, a judge ruled on the parties' cross motions for summary judgment that the foreclosure sale was invalid because the defendant banks did not hold the mortgage and the note, nor were they acting on behalf of the true holder of the note during the foreclosure process.[3] The plaintiff, Robert E. Murphy, appeals from summary judgment entered against him on his claims for intentional or negligent infliction of emotional distress resulting from the defendants' invalid foreclosure of his property (and asserts, on appeal, the tort of wrongful

_____

[1] For Structured Asset Mortgage Investments II Inc., Prime Mortgage Trust, Certificates, Series 2007-3.

[2] PNC Bank, National Association, successor by merger to National City Mortgage, a division of National City Bank.

[3] The banks did not appeal.

foreclosure).  Concluding that neither party met its initial burden of establishing the absence of a triable issue on either claim, we vacate in part.

1.  Standard of review.  "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Boazova v. Safety Ins. Co., 462 Mass. 346, 350 (2012).  See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  On a motion for summary judgment, "[t]he moving party bears the burden of affirmatively demonstrating the absence of a triable issue."  Lev v. Beverly Enters.-Mass., Inc., 457 Mass. 234, 237 (2010).  "Once the moving party satisfies its burden, the burden shifts to the nonmoving party to show with admissible evidence a dispute of material fact."  Siebe, Inc. v. Louis M. Gerson Co., 74 Mass. App. Ct. 544, 548 (2009).  As the parties have cross-moved for summary judgment, "we review a grant of summary judgment de novo."  Nguyen v. Massachusetts Inst. of Tech., 479 Mass. 436, 448 (2018).  In doing so, we view the evidence "in the light most favorable to the losing party."  Welch v. Barach, 84 Mass. App. Ct. 113, 119 (2013).

2.  Plaintiff's motion for summary judgment.  a. Intentional infliction of emotional distress.  To prevail on a claim for intentional infliction of emotional distress, the plaintiff must show "(1) that the actor intended to inflict

2

emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct . . . ; (2) that the conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency' and was 'utterly intolerable in a civilized community' . . . ; (3) that the actions of the defendant were the cause of the plaintiff's distress . . . ; and (4) that the emotional distress sustained by the plaintiff was 'severe.'" Howell v. Enterprise Publ. Co., LLC, 455 Mass. 641, 672 (2010), quoting Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 (1976). For purposes of liability, it is insufficient "that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Polay v. McMahon, 468 Mass. 379, 385 (2014), quoting Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 466 (1997).

Here, the plaintiff has not met his burden of showing, as a matter of law, that the defendants are liable for intentional infliction of emotional distress. See Vacca v. Brigham & Women's Hosp., Inc., 98 Mass. App. Ct. 463, 473 (2020) ("[defendant's] actions do not constitute the sort of extreme and outrageous conduct that would allow [the plaintiff] to recover for intentional infliction of emotional distress"). In

3

the case of the tort of intentional infliction of emotional distress (as distinguished from the tort of wrongful foreclosure), a "wrongful foreclosure may be the basis for an action for intentional infliction of emotional distress." Reynolds v. CB&T, 342 Ga. App. 866, 871 (2017), quoting Mbigi v. Wells Fargo Home Mtg., 336 Ga. App. 316, 326 (2016).[4]  Here, however, the summary judgment record is devoid of any evidence that the plaintiff suffered severe emotional distress from the invalid foreclosure.  See Thompson-El v. Bank of Am., N.A., 327 Ga. App. 309, 313 (2014) (plaintiff failed to allege facts "that her emotional distress was so severe that no reasonable person could be expected to endure it").  Cf. McGinnis v. American Home Mtge. Servicing, Inc., 817 F.3d 1241, 1259 (11th Cir. 2016) (wrongful foreclosure "had a severe effect on [the] [p]laintiff both emotionally and physically").  Contrary to the plaintiff's

---

[4] For the first time on appeal, the plaintiff asserts that count nine sets forth the tort of wrongful foreclosure (as opposed to the wrongful foreclosure merely being the factual basis for the emotional distress torts).  The plaintiff, however, captioned count nine, "intentional and / or negligent infliction of emotional distress," and failed to alert the motion judge that he intended to allege the tort of wrongful foreclosure.  See Jacobs v. Massachusetts Div. of Med. Assistance, 97 Mass. App. Ct. 306, 311 n.7 (2020) (argument not raised below "has been waived").  In any event, the plaintiff has already received the remedy of setting aside the foreclosure sale, and "[a]n action of tort [for wrongful foreclosure], and a proceeding to set aside the foreclosure, are alternative and inconsistent remedies." Cambridge Sav. Bank v. Cronin, 289 Mass. 379, 381 (1935).

4

view, severe emotional distress is not merely a method of proving damages but is an element of the cause of action, an element that the plaintiff must prove to establish liability for intentional infliction of emotional distress. See Polay, 468 Mass. at 388. Accordingly, the plaintiff has not met his burden on this claim.

b. Negligent infliction of emotional distress. To prevail on a claim for negligent infliction of emotional distress, "a plaintiff must prove '(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.'" Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 44 (2022), quoting Payton v. Abbott Labs., 386 Mass. 540, 557 (1982).

"The record here is bereft of physical harm manifested by objective symptomatology." Shea v. Cameron, 92 Mass. App. Ct. 731, 739 (2018). See Lanier, 490 Mass. at 44, quoting Sullivan v. Boston Gas Co., 414 Mass. 129, 137-138 (1993) (physical harm requirement broadly interpreted; "what is required is only enough 'objective evidence' to 'corroborate [plaintiffs'] mental distress claims'"). Accordingly, the plaintiff "has not shown that [he] would be entitled to judgment as a matter of law." Psychemedics Corp. v. Boston, 486 Mass. 724, 746 (2021).

5

3. Defendants' cross motion for summary judgment. "[T]he defendants, as the moving parties, have assumed 'the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if [they] would have no burden on an issue if the case were to go to trial,' and demonstrating further that they are entitled to judgment as a matter of law." Howcroft v. Peabody, 51 Mass. App. Ct. 573, 583 (2001), quoting Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Accord Siebe, Inc., 74 Mass. App. Ct. at 548 (moving party bears burden "even if it would not have that burden at trial"). The plaintiff's "failure to show that [he] was entitled to summary judgment does not mean that the [defendants] [a]re entitled to the allowance of their cross motion for summary judgment." Winbrook Communication Servs., Inc. v. United States Liab. Ins. Co., 89 Mass. App. Ct. 550, 558 (2016).

Here, the defendants failed to affirmatively demonstrate the absence of liability on either of the plaintiff's emotional distress claims. See Boazova, 462 Mass. at 350 (moving party must show that opposing party has "no reasonable expectation of proving an essential element of its case"). In their cross motion for summary judgment, the defendants argued that the foreclosure was proper. See O'Brien v. Wilmington Trust N.A., 506 F. Supp. 3d 82, 101 (D. Mass. 2020) (bank's lawful foreclosure eliminated plaintiff's intentional infliction of

6

emotional distress claim).  The judge rejected this argument, however, and on other claims entered a judgment declaring the foreclosure invalid, from which the defendants have not appealed.  At no point did they suggest that the plaintiff otherwise lacked support for his emotional distress claims.  See Winbrook Communication Servs., Inc., 89 Mass. App. Ct. at 558 (defendant "failed to satisfy [its] burden where it produced no evidence").

To be sure, the plaintiff failed to "come forward with admissible evidence setting forth specific facts showing that there is a genuine issue for trial" on the emotional distress claims.  Ortiz v. Morris, 97 Mass. App. Ct. 358, 362 (2020).  That duty, however, comes into play only "[o]nce the defendants met their burden in moving for summary judgment."  Bardige v. Performance Specialists, Inc., 74 Mass. App. Ct. 99, 102 (2009), quoting Godbout v. Cousens, 396 Mass. 254, 261 (1985).  Here, where the defendants never even asserted that the plaintiff lacked evidence to show the elements of the emotional distress torts, much less affirmatively demonstrated the absence of a genuine issue of material fact on each one, the plaintiff had no burden -- or reason -- to come forward with admissible evidence to show those elements.

At base, the defendants' true claim on appeal seems to be that the plaintiff's complaint fails to allege enough facts to

7

make out the emotional distress torts.  That claim, however, suffers from the same problem, that the defendants litigated this case solely on the ground that the foreclosure was proper and not on any substantive defect in the plaintiff's complaint or proof of the emotional distress torts.  The defendants moved to dismiss the plaintiff's complaint but made no argument that the complaint failed to allege sufficient facts to make out the emotional distress torts.  Similarly, the defendants made no claim in their cross motion for summary judgment that the plaintiff had failed to allege facts to support the elements of his claims for intentional or negligent infliction of emotional distress.  "[H]aving failed to meet its burden of showing the absence of a triable issue, [the defendants are] not entitled to summary judgment."  Drakopoulos v. United States Bank Nat'l Ass'n, 465 Mass. 775, 785 (2013).

4.  Conclusion.  We vacate the judgment with respect to count nine of the plaintiff's complaint.  In all other respects,

8

the judgment is affirmed.  The case is remanded for further proceedings consistent with this decision.

So ordered.

By the Court (Sullivan,
  Sacks & Ditkoff., JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  April 14, 2023.

---

[5] The panelists are listed in order of seniority.